IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT § | | |
| OF MAERSK TANKERS AS, AS OWNER § | | |
| AND OPERATOR OF THE M/T CARLA § | C.A. NO. _____ | |
| MAERSK FOR EXONERATION § | | |
| FROM OR LIMITATION OF LIABILITY § | (ADMIRALTY) | |
| § | | |

**VERIFIED COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Maersk Tankers AS, as owner and operator of the M/T CARLA MAERSK (hereinafter referred to as "Maersk Tankers" or "Petitioner"), and file its Verified Complaint for Exoneration From or Limitation of Liability and respectfully shows the following:

1.  This case is within the admiralty and maritime jurisdiction of this Court pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2.  At all times material hereto, Maersk Tankers was a business entity organized and existing under the laws of Denmark with its principal office located in Copenhagen, Denmark.

3.  At all times material hereto, Maersk Tankers was the registered owner and operator of the M/T CARLA MAERSK.

4.  The M/T CARLA MAERSK is a 29,289 gross ton tanker vessel built in 1999 and registered in Denmark (hereinafter the "CARLA MAERSK"). The CARLA MAERSK is 182.82 meters in length, 32.2 meters in breadth and bears IMO No. 9171503.

5. As shown in the Declaration of Value, attached hereto as Exhibit 1 and incorporated herein by reference for all purposes, the CARLA MAERSK and all its appurtenances, excluding pending freight, was valued at $4,250,000.00 (FOUR MILLION TWO HUNDRED FIFTY THOUSAND AND NO/100 US DOLLARS) immediately following the incident at issue herein.

6. The value of pending freight for the voyage of the CARLA MAERSK scheduled to commence on March 9, 2015 and expected to end on or about March 28, 2015 was $400,000.00 (FOUR HUNDRED THOUSAND AND NO/100 US DOLLARS), as shown in the Declaration of Pending Freight, attached hereto as Exhibit 2 and incorporated herein by reference for all purposes.

7. At all times material hereto, Maersk Tankers used due diligence to make and maintain the CARLA MAERSK in all respects seaworthy, and the CARLA MAERSK was, in fact, at all times material hereto, tight, staunch, strong, and fully and properly equipped and supplied, and in all other respects seaworthy and fit for the service in which it was engaged.

8. On or about March 9, 2015, while the CARLA MAERSK was sailing outbound through the Houston Ship Channel at approximately the Morgan's Point peninsula it met the M/V CONTI PERIDOT in a passing situation, as the CONTI PERIDOT was traveling inbound the Houston Ship Channel.

9. The M/V CONTI PERIDOT is a 33,036 gross ton bulk carrier built in 2011 and registered in Liberia (hereinafter the "CONTI PERIDOT"). The CONTI PERIDOT is 189.992 meters in length, 32.25 meters in breadth and bears IMO No. 9171503.

10. At approximately 12:30 p.m. on March 9, 2015, in a negligent, careless, and in violation of the Rules of Navigation, the CONTI PERIDOT caused itself to collide with the CARLA MAERSK.

11. As a result of the collision the CARLA MAERSK suffered extensive damage to its hull and equipment, including breaching multiple cargo tanks.

12. At the time of the collision the CARLA MAERSK was carrying 216,049 barrels (bbls) of Methyl tert-butyl ether ("MTBE"), which is a liquid gasoline additive.

13. As a result of the collision and the resulting breach of the holding cargo tanks of the CARLA MAERSK an unknown amount of MTBE was discharged into the Houston Ship Channel.

14. As a result of the collision the Houston Ship Channel was closed for marine traffic from Monday, March 9, 2015, at approximately 12:30 PM until Thursday, March 12, 2015, at approximately 1:00 PM.

15. The incident described above, and any damages claimed as a result thereof, were in no way caused or contributed to by any fault, neglect, or want of due care, on the part of Petitioner or the CARLA MAERSK.

16. The incident described above, and any damages claimed as a result thereof, occurred without the fault, privity, or knowledge of Petitioner.

17. The incident described above, and any damages claimed as a result thereof, were proximately caused in whole or in part by the negligence and/or fault of Conti Peridot Shipping, Ltd. as owner, and Bremer Bereederungsgesellschaft mbH & Co. KG as manager, of the CONTI PERIDOT and/or their respective employees and/or agents, for which Petitioner were not responsible.

18. Each claimant's alleged injuries and damages, if any, are the result in whole or in part of the acts and/or omissions of third parties and/or instrumentalities over which Petitioner exercised no right of control and for which Petitioner has no legal liability.

19.  To the best of Petitioner's knowledge, information and belief, no warrant of arrest or any other process of any court has been issued for the M/T CARLA MAERSK and the vessel has not been and is not presently under seizure as a result of any claims or demands.

20.  Petitioner desires to contest its liability and the liability of the CARLA MAERSK for any claims made and/or that may be made against them as they have valid defenses in fact and in law thereto. Petitioner further claims the benefits of the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.* and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, any and all Acts of the Congress of the United States amendatory thereof or supplementary thereto, and the rules of practice of this Court and the Supreme Court of the United States.

21.  Filed herewith is Petitioner's *Ad Interim* Stipulation for an amount equal to the value of Petitioner's interest in the CARLA MAERSK and its pending freight plus interest thereon at the rate set forth in Rule F. The *Ad Interim* Stipulation is to stand in the place of a stipulation for value if the amount thereof is not contested by any claimant herein.

22.  All and singular, the above premises of this Complaint are true and correct and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Maersk Tankers AS prays that:

1.  upon the filing of the *Ad Interim* Stipulation in the amount of $4,650,000.00 (FOUR MILLION SIX HUNDRED FIFTY THOUSAND AND NO/100 US DOLLARS), the Court, in accordance with the Federal Rules, shall cause a Monition to be issued to all persons asserting claims in the respect to which Maersk Tankers AS ("Petitioner") seek limitation, citing them to file their respective claims with the Clerk of this Court and serve them on or before the date to be named in said Monition or be forever barred and permanently enjoined from making and filing any such claims;

2.  the Court, upon filing of the *Ad Interim* Stipulation, will issue an injunction restraining the filing, commencement, and further prosecution in any Court

whatsoever and all suits, actions, and legal proceedings of any nature or kind whatsoever against Petitioner and/or the M/T CARLA MAERSK and/or their underwriters, and/or their insurers, whether *in personam*, or *in rem*;

3. if any claimant, who shall file its claim under oath, shall file an exception controverting the value of the M/T CARLA MAERSK in its condition as alleged herein, or to the amount of the *Ad Interim* Stipulation, the Court shall cause due appraisal to be made of the value of the M/T CARLA MAERSK and its freight earned, if any, during the time referred to in the Complaint, and the value of Petitioner's interest therein; and, in the event said appraised value exceeds the limitation fund or security filed with the Court, that this Honorable Court enter an Order for the payment into the Court of the higher value of Petitioner's interests therein, or for the giving of security in the same amount pursuant to the Supplemental Rules of the Federal Rules of Civil Procedure;

4. the Court adjudge that Petitioner is not liable to any extent whatsoever for any losses, damages, or injuries, and for any claims arising in consequence of the matters, happenings and events stated in this Complaint, and exonerate Petitioner from liability therefor;

5. in the alternative, if this Court should adjudge that Petitioner is liable in any amount whatsoever, the Court adjudge said liability as limited to the value or amounts of interests of Petitioner in the M/T CARLA MAERSK and its pending freight, if any; that the monies paid or ordered to be paid may be divided pro rata among such claimants as may prove their claims, saving to all parties the priority to which they may be entitled; and, that a decree be entered discharging Petitioner from all other liabilities; and,

6. that Petitioner have such other and further relief as justice may require, including the right to supplement and amend these pleadings in order to achieve justice.

Respectfully submitted,

*/s/ William A. Durham*
William A. Durham
State Bar No. 06281800
S.D.TX. Adm. ID No. 4172
Robert L. Klawetter
State Bar No. 11554700
S.D.TX. Adm. ID No. 2471
James T. Bailey
State Bar No. 24031711
S.D.TX. Adm. ID No. 30347
The Niels Esperson Building
808 Travis, Suite 1300
Houston, TX 77002

                    (713) 225-0905 – Telephone
                    (713) 225-2907 – Telefacsimile

*Attorneys for Petitioners*
*Maersk Tankers AS*

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

## VERIFICATION

STATE OF TEXAS        §
                      §   KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF HARRIS      §

BEFORE ME, the undersigned authority, on this date personally came and appeared, William A. Durham, who being duly sworn, on his oath deposed and stated the following:

That he is a duly authorized attorney for the Petitioner, Maersk Tankers AS, as the owner and operator of the M/T CARLA MAERSK at all times relevant to this Complaint.

That he has read the foregoing Complaint and knows the contents thereof, the same are true and correct to the best of his knowledge, information and belief, and the source of his knowledge and the grounds of his belief are from documents in his possession.

_____
William A. Durham

SWORN TO AND SUBSCRIBED BEFORE ME on this the 8th day of May, 2015.

_____
Notary Public in and for the State of Texas

CAROL HENDRICKS
Notary Public
STATE OF TEXAS
My Comm Exp. Mar. 31, 2018