UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN RE: IN THE MATTER OF THE | § | |
| COMPLAINT OF MAERSK TANKERS | § | C.A. No. 3:15-cv-00106 |
| AS, AS OWNER AND OPERTOR OF THE | § | |
| M/T CARLA MAERSK FOR | § | (ADMIRALTY) |
| EXONERATION FROM OR LIMITATION | § | |
| OF LIABILITY | § | |

## CLAIM AND ANSWER TO VERIFIED COMPLAINT

COMES NOW, Claimant, Mac Metal Sales PA, Inc. (hereinafter "Mac Metal"), and submits the following Claim and Answer to the Verified Complaint for Exoneration From or Limitation of Liability ("Verified Complaint"), of Maersk Tankers AS ("hereinafter "Maersk Tankers"), as owner and operator of the MV *Carla Maersk*, and would respectfully show as follows:

## CLAIM

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all relevant times, Mac Metal was the owner of a certain cargo, to wit 365 coils of pre-painted aluminum zinc-coated steel sheets, moving under Bill of Lading SKSMCSNL00090000, dated January 8, 2015, and 24 coils of pre-painted aluminum zinc-coated steel sheets, moving under Bill of Lading SKSMCSNL00091000, dated January 7, 2015 (collectively, "the Cargo"), carried on board the MV *Conti Peridot* from Changshu, Jiangsu Province, China, to New Orleans, Louisiana.

3. On or about March 9, 2015, while transiting the Houston Ship Channel, the Maersk Tankers' vessel, MV *Carla Maersk*, with full privity and knowledge on the part of Maersk Tankers, did collide with the MV *Conti Peridot*, then laden, *inter alia,* with Mac Metal's Cargo.

4. The collision was due solely to the negligence, carelessness, recklessness or other fault on the part of the MV *Carla Maersk* and Maersk Tankers, including but not limited to, Violation of the Rules of Navigation.

5. Maersk Tankers failed to exercise due diligence to make the MV *Carla Maersk* seaworthy and the MV *Carla Maersk* was not, in fact, seaworthy and/or fit for the service in which it was engaged.

6. As a result of this collision, the owner of the MV *Conti Peridot* has declared General Average and has required the posting of bonds, guarantees, and security against the release of cargoes, including Mac Metal's Cargo.

7. As a result of the said collision, and the ensuing General Average declaration, Mac Metal and its insurers have been compelled to post bonds, guarantees and security against the release of Mac Metal's Cargo.

8. Mac Metal has duly performed all of the duties, obligations and requirements on its part.

9. By reason of the premises, Maersk Tankers should be held and adjudged to indemnify Mac Metal including its Underwriters at interest for any and all amounts of General Average costs and expenses which may be assessed against Mac Metals and its Underwriters at interest.

## ANSWER AND DEFENSES

Mac Metal answers the numbered allegations of the Verified Complaint as follows:

10. Mac Metal admits the allegations contained in Paragraph 1 of the Verified Complaint.

11. Mac Metal is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 2 of the Verified Complaint, and therefore denies each and every allegation thereof.

12. Mac Metal is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 3 of the Verified Complaint, and therefore denies each and every allegation thereof.

13. Mac Metal is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 4 of the Verified Complaint, and therefore denies each and every allegation thereof.

14. Mac Metal is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 5 of the Verified Complaint, and therefore denies each and every allegation thereof.

15. Mac Metal is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 6 of the Verified Complaint, and therefore denies each and every allegation thereof.

16. Mac Metal denies the allegations contained in Paragraph 7 of the Verified Complaint.

17. Mac Metal admits that the two vessels were together in the Houston Ship Channel on or about March 9, 2015, and that the two ships subsequently collided in the Houston Ship Channel. Except as so expressly and specifically admitted, Mac Metal denies the remaining allegations set forth in Paragraph 8 of the Verified Complaint.

18. Mac Metal admits the allegations contained in Paragraph 9 of the Verified Complaint.

19. Mac Metal denies the allegations contained in Paragraph 10 of the Verified Complaint.

20.     Mac Metal is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 11 of the Verified Complaint, and therefore denies each and every allegation thereof.

21.     Mac Metal is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 12 of the Verified Complaint, and therefore denies each and every allegation thereof.

22.     Mac Metal is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 13 of the Verified Complaint, and therefore denies each and every allegation thereof.

23.     Mac Metal is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 14 of the Verified Complaint, and therefore denies each and every allegation thereof.

24.     Mac Metal denies the allegations contained in Paragraph 15 of the Verified Complaint.

25.     Mac Metal denies the allegations contained in Paragraph 16 of the Verified Complaint.

26.     Mac Metal denies the allegations contained in Paragraph 17 of the Verified Complaint.

27.     Mac Metal denies the allegations contained in Paragraph 18 of the Verified Complaint.

28.     Mac Metal is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 19 of the Verified Complaint, and therefore denies each and every allegation thereof.

29.     Mac Metal denies the allegations contained in Paragraph 20 of the Verified Complaint.

30.     Mac Metal is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 21 of the Verified Complaint, and therefore denies each and every allegation thereof.

31. Mac Metal denies the allegations contained in Paragraph 22 of the Verified Complaint.

## FIRST AFFIRMATIVE DEFENSE

32. The Verified Complaint fails to state a claim or cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

33. Mac Metal alleges that the incident which forms the basis of Maersk Tankers' Verified Complaint was caused or occasioned by Maersk Tankers' fault, neglect, lack of due diligence and want of due care, as well as the unseaworthiness of the MV *Carla Maersk*, which is specifically pleaded in bar of Maersk Tankers' request for exoneration from or limitation of liability in connection with the collision on or about March 9, 2015, between the MV *Carla Maersk* and the MV *Conti Peridot*.

## THIRD AFFIRMATIVE DEFENSE

34. The damages, assessment, charges and expenses suffered by Mac Metal and its Cargo, as well as the casualty alleged in the Verified Complaint, were caused in whole or in part by the fault, design or neglect, or want of care of Maersk Tankers and/or the MV *Carla Maersk* and/or those in charge of the MV *Carla Maersk* and/or persons for whom Maersk Tankers is responsible.

## FOURTH AFFIRMATIVE DEFENSE

35. Prior to, and at all times referenced in the Verified Complaint, Maersk Tankers failed to exercise due diligence to make the MV *Carla Maersk* seaworthy. The MV *Carla Maersk* was at all relevant times not fit to undertake the service in which she was engaged. The damages, assessments, charges and expenses suffered by Mac Metals and its Cargo were caused in whole

or in part by Maersk Tankers' failure to exercise due diligence to make the MV *Carla Maersk* seaworthy.

## FIFTH AFFIRMATIVE DEFENSE

36. The amount of security sought in the Verified Complaint is insufficient and must be increased because, *inter alia*, such amount is inadequate to secure Maersk Tankers' liabilities and obligations to Mac Metal and other claimants herein.

## SIXTH AFFIRMATIVE DEFENSE

37. The amount of security sought in the Verified Complaint is insufficient and must be increased because, *inter alia*, such amount does not adequately reflect the value of the MV *Carla Maersk* together with pending freight.

## SEVENTH AFFIRMATIVE DEFENSE

38. The damages, assessments, charges and expenses suffered by Mac Metal and its cargo, as well as the casualty alleged in the Verified Complaint, resulted from causes within the privity and knowledge of Maersk Tankers, and/or its officers, directors, managers, supervisors, superintendents, and/or such persons whose privity and knowledge are imputable to Maersk Tankers.

**WHEREFORE**, Claimant Mac Metal respectfully requests that the Court issue an Order:

1. Dismissing the Verified Complaint in all respects; or,

2. in the alternative, directing Maersk Tankers AS, to post additional financial security to discharge and secure Maersk Tankers' liabilities and obligations to all to all claimants herein; or,

3. in the further alternative, directing Maersk Tankers to post additional financial security sufficient to reflect the actual value of the MV *Carla Maersk* together with pending freight; and

4. in any event, granting judgment in favor of Mac Metal and against Maersk Tankers for full indemnity in respect of any sums or charged assessed against Mac Metal arising out of the subject collision, together with the costs and disbursements of this action; and

5. Granting to Mac Metal all such other and further relief to which it may show itself justly entitled, in law or in equity.

Respectfully submitted,

SPAGNOLETTI & CO.

*/s/ David S. Toy*
David S. Toy
Texas SBN 24048029 / SDTX ID 588699
401 Louisiana Street, 8th Floor
Houston, TX 77002
Telephone:     713.653.5600
Facsimile:      713.653.5656
Email:            dtoy@spaglaw.com

**OF COUNSEL:**

**SPAGNOLETTI & CO.**
Jerry C. von Sternberg
Texas SBN 20618150 / SDTX ID 11583
401 Louisiana Street, 8th Floor
Houston, TX 77002
Telephone:     713.653.5600
Facsimile:      713.653.5656
Email:            jvonsternberg@spaglaw.com

**NICOLETTI HORNIG & SWEENEY**
James F. Sweeney
Wall Street Plaza
88 Pine Street
New York, NY 10005
Telephone: 212.220.3830
Facsimile: 212.220.3780
Email: JSweeney@nicolettihornig.com

*Attorneys for Claimant Mac Metal Sales PA Inc.*

## CERTIFICATE OF SERVICE

      Undersigned counsel hereby certifies that a copy of the foregoing has been served on counsel of record by Notice of Electronic filing via CM/ECF, in accordance with the Federal Rules of Civil Procedure, on this 7th day of August, 2015.

                                       */s/ David S. Toy*
                                       David S. Toy