UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF MAERSK | § | C.A. NO. 3:15-CV-106 |
| TANKERS AS, AS OWNER AND | § | |
| OPERATOR OF THE M/T CARLA | § | RULE 9(h) - ADMIRALTY |
| MAERSK FOR EXONERATION | § | |
| FROM OR LIMITATION OF LIABILITY | § | NON-JURY |

<u>HOUSTON PILOTS' CLAIM AND ANSWER TO VERIFIED COMPLAINT</u>

COMES NOW, Claimant, Houston Pilots, and submits the following claim and answer to the Verified Complaint for Exoneration from or Limitation of Liability ("Verified Complaint") of Maersk Tankers AS ("Maersk"), as owner and operator of the M/T CARLA MAERSK, and would show the Court as follows:

<u>CLAIM</u>

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all relevant times, Houston Pilots was and is an unincorporated association of independent contractors. The independent contractors that form Houston Pilots are credentialed ship captains possessing a commission from the State of Texas and a license issued by the United States Coast Guard with the appropriate pilotage endorsements to serve as local pilots navigating vessels in the Houston Ship Channel. On March 9, 2015, Captain Larry Evans, a member of Houston Pilots, was serving as local pilot aboard the M/T CARLA MAERSK. On March 9, 2015, Captain George Reeser, Jr., a member of Houston Pilots, was serving as local pilot aboard the M/V CONTI PERIDOT.

3. Houston Pilots has been named as a defendant in the below detailed state court lawsuit currently pending in the 234th District Court of Harris County, Texas:

> *Gordon Westergren, et al, Plaintiffs v. The Maersk Group, et al*
> Cause No. 2015-25755
> In the 234th Judicial District Court of Harris County, Texas
>
> and
>
> *Jerrial Norman,et al,Intervenors v. The Maersk Group, et al*
> Cause No. 2015-25755-7
> In the 234th Judicial District Court of Harris County, Texas

4. Houston Pilots have filed a Combined Original Answer to Plaintiffs' Original Petition and Intervenors' Petition in Intervention, Cross-Claim for Indemnity and/or Contribution in the above-referenced state court litigation. As a specific component of Houston Pilots' answer, it has filed a cross-claim against Maersk Tankers AS, Limitation Petitioner herein. Houston Pilots has denied all allegations of the *Westergren* plaintiffs and the *Normand* intervenors but, pursuant to the cross claim for indemnity or contribution, if Houston Pilots is found to be ultimately responsible for any or part of plaintiffs' or intervenors' injuries or damages, Houston Pilots are entitled to indemnity and/or contribution from Limitation Petitioner herein, Maersk Tankers AS.

5. By reason of the premises, Maersk Tankers AS should be held and adjudged to indemnify or be responsible via contribution for all amounts, liabilities or judgments to which Houston Pilots may be assessed.

<u>ANSWER AND DEFENSES</u>

Houston Pilots answers the numbered allegations of the Verified Complaint as follows:

6.      Houston Pilots admits the allegations contained in Paragraph 1 of the Verified Complaint.

7.      Houston Pilots is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 2 of the Verified Complaint, and therefore denies each and every allegation thereof.

8.      Houston Pilots is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 3 of the Verified Complaint, and therefore denies each and every allegation thereof.

9.      Houston Pilots is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 4 of the Verified Complaint, and therefore denies each and every allegation thereof.

10.     Houston Pilots is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 5 of the Verified Complaint, and therefore denies each and every allegation thereof.

11.     Houston Pilots is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 6 of the Verified Complaint, and therefore denies each and every allegation thereof.

12.     Houston Pilots is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 7 of the Verified Complaint, and therefore denies each and every allegation thereof.

13.     Houston Pilots admits the allegations contained in Paragraph 8 of the Verified Complaint.

14.     Houston Pilots is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 9 of the Verified Complaint, and therefore denies each and every allegation thereof.

15.     Houston Pilots is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 10 of the Verified Complaint, and therefore denies each and every allegation thereof.

16.     Houston Pilots is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 11 of the Verified Complaint, and therefore denies each and every allegation thereof.

17.     Houston Pilots is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 12 of the Verified Complaint, and therefore denies each and every allegation thereof.

18.     Houston Pilots admits the allegations asserted in Paragraph 13 of the Verified Complaint.

19.     Houston Pilots admits that the Houston Ship Channel was closed from some point on March 9, 2015 until some point on March 12, 2015. The remaining allegations asserted in Paragraph 14 of the Verified Complaint are denied.

20.     Houston Pilots is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 15 of the Verified Complaint, and therefore denies each and every allegation thereof.

21.     Houston Pilots is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 16 of the Verified Complaint, and therefore denies each and every allegation thereof.

22.     Houston Pilots is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 17 of the Verified Complaint, and therefore denies each and every allegation thereof.

23.     Houston Pilots is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 18 of the Verified Complaint, and therefore denies each and every allegation thereof.

24.     Houston Pilots is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 19 of the Verified Complaint, and therefore denies each and every allegation thereof.

25.     Houston Pilots Houston Pilots is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 20 of the Verified Complaint, and therefore denies each and every allegation thereof.

26.     Houston Pilots is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 21 of the Verified Complaint, and therefore denies each and every allegation thereof.

27.     Houston Pilots admits that Limitation Petitioner has filed a verified complaint pursuant to the admiralty and maritime jurisdiction of this court.

## FIRST AFFIRMATIVE DEFENSE

28. Houston Pilots plead as a complete bar to any and all claims and causes of action which may be alleged against it by any claimant, plaintiff or intervenor the rule from *Guy v. Donald*, 203 U.S. 399, 27 S. Ct. 63, 51 L. Ed. 245 (1906) which held that neither a Pilots' Association nor its individual members can be held liable for the negligence of one of its members. *See also Osprey Ship Mgmt. v. Foster*, 387 F. App'x 425 (5th Cir. 2010) (reaffirming the *Guy v. Donald* rule).

## SECOND AFFIRMATIVE DEFENSE

29. Houston Pilots further pleads the provisions of Tex. Transp. Code § 66.082 (part of Chapter 66, Houston Pilots Licensing and Regulatory Act) as a complete defense to any claims alleged against it by any claimant, plaintiff or intervenor asserting Houston Pilots is either directly or vicariously liable for any acts or omissions of the ships' pilots. Section 66.082 bars liability "directly or as a member of an organization of pilots" for any claim that arises from an act of another pilot or organization of pilots and relates to pilot services.

## THIRD AFFIRMATIVE DEFENSE

30. Houston Pilots further plead the statutory liability cap as to the amount of money damages that can be recovered from a ship's pilot in a civil lawsuit set out in Tex. Transp. Code § 66.083 (part of Chapter 66, Houston Pilots Licensing and Regulatory Act).

WHEREFORE, Claimant, Houston Pilots respectfully requests that the court issues an order:

1. Granting judgment in favor of Houston Pilots;

2. Granting judgment against Maersk Tankers AS for full contribution and/or indemnity in respect of sums adjudicated, charged or assessed against Houston Pilots arising out of the subject collision, together with fees, expenses and costs; and

3. Granting to Houston Pilots any and all such other and further relief to which it may show itself justly entitled, in law, in equity or in admiralty.

          Respectfully Submitted,

          STEVENS BALDO FREEMAN & LIGHTY, L.L.P.

By: _____
          Mark Freeman
          State Bar No. 07426600
          S.D.TX. Adm. ID No. 5975
          David James
          State Bar No. 24032467
          S.D.TX. Adm. ID No. 588556
          550 Fannin, Suite 700
          Beaumont, TX  77701
          Telephone: 409.835.5276
          Facsimile:  409.835.5201
          Email: freeman@sbf-law.com

          *Attorneys for Claimant, Houston Pilots*

OF COUNSEL:
STEVENS BALDO FREEMAN & LIGHTY, LLP

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing instrument has been served upon all counsel of record by electronic filing in accordance with the Federal Rules of Civil Procedure, on September 1, 2015.

_____
Mark Freeman