## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF | § | CIVIL ACTION NO.  3:15-CV-00106 |
| MAERSK TANKERS AS, AS OWNER AND | § | |
| OPERATOR OF THE M/T CARLA MAERSK | § | IN ADMIRALTY |
| FOR EXONERATIION FROM OR | § | |
| LIMITATION OF LIABILITY | § | F.R.C.P.  9(h) |

### CLAIMS OF CONTI 168. SCHIFFFAHRTS-GMBH & CO.
### BULKER KG MS "CONTI PERIDOT"AND
### BREMER BEREEDERUNGSGESELLSCHAFT MBH CO. KG

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW CONTI 168. Schifffahrts-GMBH & Co. Bulker KG MS "CONTI PERIDOT" ("CONTI 168") and Bremer Bereederungsgesellschaft MBH Co. KG ("BBG") (hereinafter collectively referred to as "Claimants"), and file their Claims in response to the Complaint for Exoneration From or Limitation of Liability of Petitioner Maersk Tankers AS ("Petitioner"), and respectfully show the following:

### CLAIMS

Conti 168, as owner, and BBG, as manager of the cargo ship M/V CONTI PERIDOT claim against Petitioner for losses and damages arising out of the collision between the M/V CONTI PERIDOT and the tanker vessel M/T CARLA MAERSK on March 9, 2015.

### I.

This Court has jurisdiction over these proceedings pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1333.  This is an admiralty or maritime claim within the meaning of Rule 9(h), FED.R.CIV.P.

**II.**

Petitioner has appeared in this action and is subject to this Court's jurisdiction by virtue of filing its Complaint for Exoneration From or Limitation of Liability.  Petitioner admits that it is the owner of the M/T CARLA MAERSK.  Service on Petitioner is by service on its attorneys of record.

**III.**

At all material times, the M/V CONTI PERIDOT was owned by Conti 168 and managed by BBG.  These companies are foreign business entities domiciled outside the United States.

**IV.**

At all material times, the M/V CONTI PERIDOT was a cargo vessel bearing IMO number 9452634.

**V.**

At all material times, Conti 168 and BBG used due diligence to make the M/V CONTI PERIDOT in all respects tight, staunch, strong, and fully and properly manned, equipped, maintained, navigated and supplied, and in all other respects seaworthy and fit for the service for which it was engaged.

**VI.**

On or about March 9, 2015, while the M/V CONTI PERIDOT was sailing inbound through the Houston Ship Channel in the vicinity of the Morgan's Point peninsula it met the M/T CARLA MAERSK in a passing situation, as the M/T CARLA MAERSK was traveling outbound.

## VII.

The M/T CARLA MAERSK is a 29,289 gross ton tanker vessel built in 1999 and registered in Denmark.  The M/T CARLA MAERSK is 182.2 meters in length, 32.2 meters in breadth and bears IMO No. 9171503.

## VIII.

At approximately 12:30 p.m. on March 9, 2015, the M/T CARLA MAERSK caused itself to collide with the M/V CONTI PERIDOT, said collision being proximately caused in whole or in part by the unseaworthiness of, and/or the negligent operation of, the M/T CARLA MAERSK, and/or navigation of the M/T CARLA MAERSK in violation of the rules of navigation and contrary to principles of good seamanship.

## IX.

As a result of the collision the M/V CONTI PERIDOT suffered extensive damage to its hull and equipment.

## X.

At the time of the collision the M/T CARLA MAERSK was carrying a cargo of Methyl tert-butyl ether ("MTBE"), which is a liquid gasoline additive.

## XI.

As a result of the collision there was closure to certain marine traffic on a section or sections of the Houston Ship Channel from Monday, March 9, 2015, at approximately 12:30 p.m. until Thursday, March 12, 2015, at approximately 1:00 p.m.

## XII.

The above described events, and any alleged injuries, losses, damages, or destruction resulting from the accident was neither caused or contributed to by the fault, neglect, lack of due diligence or want of due care on the part of Claimants, the design or condition of the

M/V CONTI PERIDOT, nor was the M/V CONTI PERIDOT in any way unseaworthy.  Rather, if any injuries, losses, damages, or destruction were sustained as a result of the incident, which is denied, said damages were due to and/or caused by the fault, neglect, lack of due diligence or want of due care of others for whom Claimants are not responsible, including Maersk Tankers AS, and/or the unseaworthiness of the M/T CARLA MAERSK.

## XIII.

Claimants seek recovery of money damages presently estimated to be in the amount of at least $15,001,944.61 (FIFTEEN MILLION ONE THOUSAND NINE HUNDERED FOURTY FOUR AND 61/100 U.S. DOLLARS), not including interest and costs.  The money damages sought include loss of earnings due to collision related delays, loss of earnings due to loss of charter hire, temporary and permanent repair costs, and other expenses the collision caused.  A claim is also against Petitioner for contribution and/or indemnity for the claims of any other individuals or entities which have or may claim against Conti 168, BBG or the M/V CONTI PERIDOT for damages as a result of the collision.  Claimants reserve the right to amend or supplement their claims to assert such other and further facts or allegations as may later become known.

## XIV.

The assertion of these claims is subject to and without prejudice to Conti 168's and BBG's objection to Petitioner's Complaint for Exoneration From and Limitation of Liability, and Claimants' position that the action for limitation or exoneration should be dismissed, and/or the Petitioner's Limitation Fund be increased.

## XV.

The March 9, 2015 collision was not contributed to in any way by the  fault, neglect, or want of due care on the part of Conti 168 or BBG, or by any  unseaworthiness on the part of the M/V CONTI PERIDOT.  On the contrary, all damages arising from that collision were caused, in whole or in part, by the unseaworthiness of the M/T CARLA MAERSK and/or by the negligent acts and omissions and other legal faults of the agents, servants, owners and employees of Petitioner which were within the privity and/or knowledge of Petitioner.  Therefore,  Petitioner is not entitled to either exoneration from or limitation of liability in this action.  Claimants reserve the right to amend and supplement this claim to allege further and/or different faults, unseaworthy conditions and/or negligent acts and omissions as the evidence may disclose.

### PRAYER

WHEREFORE, CONTI 168. Schifffahrts-GMBH & Co. Bulker KG MS "CONTI PERIDOT" and Bremer Bereederungsgesellschaft MBH Co. KG pray:

a.  they recover from Petitioner their full damages as pleaded in this claim, in addition to pre and post-judgment interest, and court costs;

b.  that Petitioner's request for exoneration from, or limitation of, liability be dismissed, denied or alternatively, that the Petitioner's Limitation Fund be increased; and

c.  that they have such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

By:___ _/s/ John F. Unger_____
John F. Unger
Attorney-in-Charge
State Bar No. 20690660
Federal I.D. No. 2808
john.unger@roystonlaw.com

Richard A. Branca
State Bar No. 24067177
Federal I.D. No. 828076
richard.branca@roystonlaw.com
1600 Smith Street, Suite 5000
Houston, Texas 77002-7380
Telephone: (713) 224-8380
Facsimile:  (713) 225-9945

**ATTORNEYS FOR CLAIMANTS
CONTI 168. SCHIFFFAHRTS-GMBH & CO.
BULKER KG MS "CONTI PERIDOT" and BBG-
BREMER BEREEDERUNGSGESELLSCHAFT
MBH & CO. KG**

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

## <u>VERIFICATION</u>

**STATE OF TEXAS** §
                   §
**COUNTY OF HARRIS** §

Before me now, the undersigned Notary, came and appeared John F. Unger, who after being duly sworn, did depose and state:

1.     That he is counsel with the law firm of Royston, Rayzor, Vickery & Williams, LLP, and is the attorney in charge for Claimants in the above-captioned and numbered proceeding;

2.     That he has read the above and foregoing Claim of CONTI 168. Schifffahrts-GMBH & Co. Bulker KG MS "CONTI PERIDOT" and Bremer Bereederungsgesellschaft MBH Co. KG, that all of the allegations of fact contained therein are true and correct to the best of his information, knowledge and belief, and the source of his knowledge and the grounds for his belief being information obtained from his clients and investigation by him and his representatives; and

3.     That he is specifically authorized by Claimants to make this Verification on their behalf.

_____
John F. Unger

SWORN TO AND SUBSCRIBED BEFORE ME on this 2nd day of September 2015.

_____
NOTARY PUBLIC

KATHLEEN LYKINS
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 11/07/2018

## CERTIFICATE OF SERVICE

I certify that on this the 3ʳᵈ day of September 2015, a true and correct copy of the foregoing was served upon the following counsel by either ECF, certified mail, return receipt requested and/or via facsimile:

William A. Durham
James T. Bailey
Robert L. Klawetter
Christina K. Schovajsa
EASTHAM, WATSON, DALE & FORNEY, L.L.P.
Niels Esperson Building
808 Travis, Suite 1300
Houston, Texas  77002
Fax: (713) 225-2907

Victor Martinez Bonner
The Bonner Law Firm
4820 Old Spanish Trail
Houston, TX 7700
Fax: (713) 842-1551

Mark Sparks
Mostyn Law Firm
6280 Delaware Street
Beaumont, TX 77706
Fax: (409) 832-2777

David S. Toy
Spagnoletti and Company
401 Louisiana, 8ᵗʰ Floor
Houston, TX 77002
Fax: (713) 653-5600

_/s/ John F. Unger_
Of Royston, Rayzor, Vickery & Williams, L.L.P.