IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| COMPLAINT OF MAERSK | § | |
| TANKERS AS, AS OWNER AND | § | |
| OPERATOR OF THE M/T CARLA | § | C. A. NO. 3:15–cv–00106 |
| MAERSK FOR EXONERATION | § | ADMIRALTY |
| FROM OR LIMITATION OF | § | |
| LIABILITY | § | |

### *LPA'S ORIGINAL ANSWER*

TO THE HONORABLE GEORGE C. HANKS, JR.:

Pursuant to Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, under protest and without prejudice to its position that Maersk Tankers AS ("Maersk") is not entitled to exoneration from or limitation of liability, and seeking to preserve and protect all potential *in rem* and *in personam* claims that it and/or its underwriters at interest now or later may have including, without limit, all such claims against Maersk, Maersk Tankers Singapore Pte. Ltd., the M/T CARLA MAERSK, the M/V CONTI PERIDOT, the M/V CONTI PERIDOT's owner(s), operator(s), manager(s) and/or charterer(s), and/or every other responsible party as the evidence in this and/or other proceedings ultimately may justify, Respondent and Claimant, LUKOIL Pan Americas, LLC ("LPA"), respectfully submits this Original Answer to the Verified Complaint for Exoneration from or Limitation of Liability

[Dkt. 1] (the "Complaint") filed by Maersk and, asserting the following alternative defenses and denials, respectfully will show:

### *First Defense*

Before pleading any other matter, LPA invokes and asserts all defenses to the Complaint available under Rule 12(b) of the Federal Rules of Civil Procedure including, but not limited to, Rule 12(b)(3) to challenge venue and Rule 12(b)(6) to assert failure to state a claim upon which relief can be granted.

### *Second Defense*

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, the Convention on Enforcement of Foreign Arbitration Awards, 9 U.S.C. § 201 *et seq.*, and/or other applicable law, LPA reserves any rights it may have to arbitrate this dispute as agreed to in any clean fixture recap with incorporated clauses, charter party, bill(s) of lading and/or other contract(s) of carriage.  LPA reserves any rights it may have to seek dismissal, transfer or stay of this action, and files this Answer without prejudice to those rights.

### *Third Defense*

LPA reserves any rights it may have under any choice of forum and/or choice of law clauses that may exist in any applicable clean fixture recap with incorporated clauses, charter party, bill(s) of lading and/or other contract(s) of carriage which

would enable it to ask this Honorable Court to stay, dismiss or transfer this proceeding in favor of a foreign forum or tribunal.

### *Fourth Defense*

Maersk is not entitled to exoneration from or limitation of liability because, on information and belief, the collision referenced in the Complaint (the "collision") and all claims arising from the collision proximately resulted from the M/T CARLA MAERSK's unseaworthiness existing when she commenced her voyage and/or by the negligence of her owner(s), principal(s) agent(s), operator(s), manager(s), director(s), managing agent(s), technical manager(s), employees and/or servants, all of which were within Maersk's privity and knowledge.

### *Fifth Defense*

Maersk legally and/or equitably is not entitled to exoneration from or limitation of liability under the Personal Contract Doctrine, because LPA's claim arises from Maersk's breach of one or more personal contractual obligations.

### *Sixth Defense*

The limitation fund is inadequate and the Court should dismiss the Complaint because Maersk has failed to comply with the requirements of the Shipowner's Limitation of Liability Act, 46 U.S.C. § 30501 *et seq*. (the "Act") and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims by failing to deposit

adequate and proper security including, but not limited to, the actual value of the vessel and her pending freight.

### *Seventh Defense*

If the Court should conclude that Maersk is entitled to limitation of liability, which is not admitted but is expressly denied, and if it is proved that the value of the Maersk's interest in the M/T CARLA MAERSK and her pending freight exceed the amount alleged by Maersk, then Maersk's liability should not be limited to less than the full and actual amount or value of Maersk's interest in the M/T CARLA MAERSK and her then pending freight.  LPA specifically reserves all rights to contest the alleged value and appraisal of the M/T CARLA MAERK and her pending freight, file an objection to the *Ad Interim* Stipulation for Value and/or cause a due appraisal to be made of the M/T CARLA MAERSK and her pending freight.

### *Eighth Defense*

If the Court should conclude that Maersk is entitled to exoneration or limitation of liability, which is not admitted but is expressly denied, LPA asserts that none of Maersk's insurers can avail itself of exoneration or limitation of liability under the Act.

### *Ninth Defense*

On information and belief, any recovery under the Complaint is barred by the doctrines of waiver, estoppel, laches and any and all applicable statutes of limitation.

## *Tenth Defense*

LPA reserves the right to supplement this Original Answer as additional facts are revealed through investigation and discovery and, subject to the foregoing defenses, LPA respectively responds to the Complaint's numbered paragraphs as follows:

1. LPA admits the averments in Paragraph 1.

2. LPA denies the averments in Paragraph 2 for want of sufficient knowledge or information to form a belief to their truth.

3. LPA denies the averments in Paragraph 3 for want of sufficient knowledge or information to form a belief to their truth.

4. LPA denies the averments in Paragraph 4 for want of sufficient knowledge or information to form a belief to their truth.

5. LPA denies the averments in Paragraph 5.

6. LPA admits the averments in Paragraph 6.

7. LPA denies the averments in Paragraph 7.

8. On information and belief, LPA admits the averments in Paragraph 8.

9. LPA denies the averments in Paragraph 9 for want of sufficient knowledge or information to form a belief to their truth.

10. On information and belief, LPA admits the averments in Paragraph 10.

11. On information and belief, LPA admits that, as a result of the collision, the M/T CARLA MAERSK sustained hull damages. LPA denies the other averments

in Paragraph 11 for want of sufficient knowledge or information to form a belief to their truth.

12.   LPA admits that, at the time of the collision, the M/T CARLA MAERSK was carrying in good order and condition the equivalent quantity at 60 degrees Fahrenheit of 216,049.41 barrels of Methyl Tertiary Butyl Ether ("MTBE"), which is a liquid gasoline additive.  LPA denies any other averments in Paragraph 12.

13.   On information and belief, LPA admits that, as a result of the collision, an unknown quantity of MTBE was discharged from the M/T CARLA MAERSK into the Houston Ship Channel.  LPA denies the other averments in Paragraph 13 for want of sufficient knowledge or information to form a belief to their truth.

14.   On information and belief, LPA admits that, as a result of the collision, the U.S. Coast Guard temporarily shut down part of the Houston Ship Channel.  LPA denies the other averments in Paragraph 14 for want of sufficient knowledge or information to form a belief to their truth.

15.   LPA denies the averments in Paragraph 15.

16.   LPA denies the averments in Paragraph 16.

17.   LPA admits that the collision and LPA's resulting damages were proximately caused in whole or in part by the negligence and/or fault of the owner(s), principal(s), agent(s), operator(s), manager(s), director(s), managing agent(s), technical manager(s), employees and/or servants of the M/V CONTI PERIDOT, and/or by the negligence and/or fault of their respective employees and/or agents.

LPA denies the other averments in Paragraph 17.

20. 18.    LPA denies the averments in Paragraph 18.

19.    LPA denies the averments in Paragraph 19 for want of sufficient knowledge or information to form a belief to their truth.

20.    Although LPA admits that Maersk has asserted that it "desires to contest its liability and the liability of the M/T CARLA MAERSK for any claims made and/or that may be made against them," LPA denies the other averments in Paragraph 20 and that Maersk is entitled to any "benefits of the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.* and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, any and all Acts of the Congress of the United States amendatory thereof or supplementary thereto, and the rules of practice of this Court and the Supreme Court of the United States."

21.    LPA admits that Maersk has filed an *Ad Interim* Stipulation.  LPA denies the other averments in Paragraph 21.

22.    LPA admits that the Complaint alleges a cause within the jurisdiction of the United States and this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  LPA denies the other averments in Paragraph 22.

23.    LPA denies that Maersk is entitled to any of the relief or remedies sought in the Complaint's Prayer.

*Prayer*

WHEREFORE, PREMISES CONSIDERED, Respondent and Claimant LUKOIL Pan Americas, LLC respectfully asks that the Court dismiss with prejudice the Verified Complaint for Exoneration from or Limitation of Liability [Dkt. 1] filed by Maersk Tankers AS.  Alternatively, Respondent and Claimant LUKOIL Pan Americas, LLC respectfully asks that the Court grant it judgment, including its costs and attorneys' fees, ordering that Maersk Tankers AS receive none of the relief it seeks herein. Alternatively, Respondent and Claimant LUKOIL Pan Americas, LLC respectfully asks that the Court direct Maersk Tankers AS to post additional financial security to discharge and secure its liabilities and obligations to all claimants herein. Alternatively, Respondent and Claimant LUKOIL Pan Americas, LLC respectfully asks that the Court direct Maersk Tankers AS to post additional financial security in an amount equivalent to the actual value of the M/T CARLA MAERSK together with her pending freight.  Alternatively, Respondent and Claimant LUKOIL Pan Americas, LLC respectfully asks that the Court grant it all other relief to which it justly and equitably is entitled.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _____
Robert C. Oliver
State Bar No. 15255700
S. D. Texas No. 886
5535 Memorial Drive, Suite F570
Houston, Texas 77007
Telephone:   (713) 864–2221
Facsimile:   (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

ATTORNEYS FOR RESPONDENT AND CLAIMANT, LUKOIL PAN AMERICAS, LLC

*Certificate of Service*

I served this Original Answer upon the parties that have appeared by their respective counsel of record by CM/ECF on September 3, 2015.

_____
Robert C. Oliver