IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | |
| OF MAERSK TANKERS AS OWNER | § | CIVIL ACTION NO. 3:15-cv-00106 |
| AND OPERATOR OF THE M/T CARLA | § | |
| MAERSK FOR EXONERATION | § | (ADMIRALTY) |
| FROM OR LIMITATION OF LIABILITY | § | |

**ORIGINAL ANSWER AND CLAIMS OF
SHIPPERS STEVEDORING COMPANY**

TO THE HONORABLE JUDGE OF THIS COURT:

Shippers Stevedoring Company ("SSC"), a Claimant in the above-styled and numbered cause, files this its Original Answer and Claim.

**I.**

**SHIPPERS STEVEDORING COMPANY'S ORIGINAL ANSWER
TO PETITIONER'S COMPLAINT FOR EXONERATION
OR LIMITATION OF LIABILITY**

1.  In answer to Petitioner's Complaint for Exoneration From or Limitation of Liability, SSC would show that Petitioner is not entitled to exoneration from liability. The injuries and damages suffered by SSC were proximately caused by the negligence, carelessness and fault of Petitioner, in failing to maintain and operate the vessel in a manner, by failing to adequately train and supervise the crew of the M/T Carla Maersk, and by failing to adequately contain the MTBE within the vessel.

2.  In further answer, SSC would show that Petitioner is not entitled to limitation of liability for the reason that the acts and conditions which caused the injuries and damages sustained by SSC were within the privity and knowledge of Petitioner.

3. Without waiving its claim that Petitioner is not entitled to an exoneration from or limitation of liability, SSC contends, under Rule F(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure, that Petitioner has posted insufficient security. SSC demands that Petitioner be required to post bond for the full amount of security or deposit the full amount of security in the Court's registry. SSC further demands that the amount of security be increased on the grounds that it is less than Petitioner's interest in the vessel, the contract(s) under which they were working, and the pending freight, or on the grounds that it is insufficient to carry out the provisions of the statutes relating to the total claims at issue.

## II.
## GENERAL DENIAL OF ALLEGATIONS OF PETITIONER

4. SSC generally denies each and every allegation set forth in Petitioner's Original Complaint seeking exoneration from or limitation of liability, and demands strict proof thereof.

## III.
## SPECIFIC DENIAL OF ALLEGATIONS OF PETITIONER

5. The allegations contained in Paragraph 1 of the Complaint for Exoneration From or Limitation of Liability state conclusions of law which are jurisdictional in nature and, therefore, require no response from SSC.

6. The allegations contained in Paragraph 2 of the Complaint for Exoneration From or Limitation of Liability state conclusions of law which are jurisdictional in nature and, therefore, require no response from SSC. However, insofar as a response may be deemed required by SSC, SSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

7. The allegations contained in Paragraph 3 of the Complaint for Exoneration From or Limitation of Liability state conclusions of law which are jurisdictional in nature and, therefore, require no response from SSC. However, insofar as a response may be deemed required by SSC, SSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

8. SSC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

9. SSC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

10. SSC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

11. The allegations contained in Paragraph 7 of the Complaint for Exoneration From or Limitation of Liability state conclusions of law which are jurisdictional in nature and, therefore, require no response from SSC. However, insofar as a response may be deemed required by SSC, SSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

12. SSC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

13. SSC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

14. The allegations contained in Paragraph 10 of the Complaint for Exoneration From or Limitation of Liability state conclusions of law which are jurisdictional in nature and,

therefore, require no response from SSC. However, insofar as a response may be deemed required by SSC, SSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

15. SSC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

16. SSC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

17. SSC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

18. SSC admits the allegations contained in Paragraph 14 of the Complaint.

19. The allegations contained in Paragraph 15 of the Complaint for Exoneration From or Limitation of Liability state conclusions of law which are jurisdictional in nature and, therefore, require no response from SSC. However, insofar as a response may be deemed required by SSC, SSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

20. The allegations contained in Paragraph 16 of the Complaint for Exoneration From or Limitation of Liability state conclusions of law which are jurisdictional in nature and, therefore, require no response from SSC. However, insofar as a response may be deemed required by SSC, SSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

21. SSC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

22. The allegations contained in Paragraph 18 of the Complaint for Exoneration From or Limitation of Liability state conclusions of law which are jurisdictional in nature and, therefore, require no response from SSC. However, insofar as a response may be deemed required by SSC, SSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

23. The allegations contained in Paragraph 19 of the Complaint for Exoneration From or Limitation of Liability state conclusions of law which are jurisdictional in nature and, therefore, require no response from SSC. However, insofar as a response may be deemed required by SSC, SSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

24. The allegations contained in Paragraph 20 of the Complaint for Exoneration From or Limitation of Liability state conclusions of law which are jurisdictional in nature and, therefore, require no response from SSC. However, insofar as a response may be deemed required by SSC, SSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

25. The allegations contained in Paragraph 21 of the Complaint for Exoneration From or Limitation of Liability state conclusions of law which are jurisdictional in nature and, therefore, require no response from SSC. However, insofar as a response may be deemed required by SSC, SSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

26. The allegations contained in Paragraph 22 of the Complaint for Exoneration From or Limitation of Liability state conclusions of law which are jurisdictional in nature and,

therefore, require no response from SSC. However, insofar as a response may be deemed required by SSC, SSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

## IV.
## AFFIRMATIVE DEFENSES

27. The Ad Interim stipulation submitted by the Petitioner is improper to the extent that the stated value is neither sufficient nor adequate to properly discharge Petitioner's potential liability and obligations. SSC requests an appraisal of the vessel.

28. Petitioner, as owner and operator of the vessel M/T CARLA MAERSK is not entitled to either exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501 *et. seq.* or the various supplementary statutes thereto for any and all loss and/or injury caused by the subject accident to the extent the negligence and unseaworthy condition of the vessel M/T CARLA MAERSK was the result of violations of the applicable standards of care.

## V.
## CLAIMS

### A.  DAMAGES

29. On or about March 9, 2015, the Carla Maersk, a chemical tanker carrying about 216,000 barrels of Methyl Tertiary Butyl Ether ("MTBE"), and the Conti Peridot collided in the Houston Ship Channel (the "Collision"). The Carla Maersk is owned and operated by Petitioner Maersk Tankers. Two of the Carla Maersk's cargo tanks ruptured as a direct and foreseeable result of the Collision spilling an unknown quantity of MTBE into the water off of Morgan's Point, Texas (the "MTBE Spill"). The U.S. Coast Guard classified the Collision as a major marine casualty. The Collision was described by Capt. Brian Penoyer with the U.S.

Coast Guard as "a significant collision causing significant damage to both vessels." This significant collision has resulted in substantial damage to the environment in the Morgan's Point area and caused the Houston Ship Channel to remain closed for three days.

30. Petitioner knew or should have known of the dangers associated with traveling in the dense fog and failed to take appropriate measures to prevent damage to SSC, its employees and to SSC's Property. Moreover, additional safety mechanisms, technologies and precautions were known and available to Petitioner, but Petitioner elected not to employ them.

31. SSC's employees have suffered personal injury, the extent to which the MTBE exposure has caused permanent damage is unknown, and SSC has further suffered injury, damages and losses as a direct and foreseeable result of the Collision.

### B. NEGLIGENCE

32. At all times material hereto, Petitioner was under a duty to utilize reasonable care in undertaking and carrying out its activities on board the vessel. At all times material hereto the vessel was owned, navigated, manned, possessed, managed, controlled, chartered and/or operated by Petitioner.

33. At all times material hereto, Petitioner's operations in the Houston Ship Channel obligated it to protect SSC, which was within the appreciable zone of risk created by Petitioner's activities and would foreseeably be exposed to harm due to those risks.

34. Petitioner was under a duty of care to refrain from negligent conduct that would cause collision(s) and/or pollution of the waters, beaches, and natural resources of the Houston Ship Channel area.

35. Petitioner was under a duty to exercise reasonable care while participating in

navigable operations to ensure that collision(s), a spill and/or subsequent discharge of MTBE did not occur.

36. Petitioner knew or should have known that the acts and omissions described herein could result in damage to SSC, to its employees exposed to the MTBE Spill, to the environment, and to others.

37. Petitioner failed to exercise reasonable care while participating in marine operations and thereby breached duties owed to SSC.

38. Petitioner failed to exercise reasonable care while participating in marine operations to ensure that the MTBE Spill did not occur, and thereby breached duties owed to SSC.

39. Petitioner failed to exercise reasonable care to ensure that MTBE would expeditiously and adequately be contained within the vessel, protected from leakage or impacts, and safely secured within the immediate vicinity of the collision (both before and after the collision), and thereby breached duties owed to SSC.

40. Petitioner failed to exercise reasonable care to ensure that adequate safeguards, protocols, procedures and resources would be readily available to prevent and/or mitigate the effects an uncontrolled MTBE Spill into the waters of the Houston Ship Channel, and thereby breached duties owed to SSC.

41. Some of those breaches specifically include the following:

a. Failing to properly operate the Carla Maersk;

b. Operating the Carla Maersk in such a manner that a collision occurred, causing MTBE Spill;

    c.    Failing to properly inspect the Carla Maersk to assure the equipment and personnel were fit for their intended purpose;

    d.    Failing to adequately interview, screen, hire, train, supervise, equip, warn, or manage personnel to ensure cargo is properly protected, vessels are safely operated, spills do not occur, and collisions do not occur;

    e.    Failing to adequately contain and protect dangerous substances, like MTBE, such that they are adequately protected from collisions, or adequate contingencies are in place to protect others and the environment should collisions occur;

    f.    Acting in a careless and negligent manner without due regard for the safety of others;

    g.    Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations, if they been so implemented and enforced, that would have averted the Collision and/or the MTBE Spill; and

    h.    Other acts of omission and/or commission to be shown after an adequate time for discovery has passed, or at the time of trial.

42.    As a result of the MTBE Spill caused by Petitioner, SSC's employees suffered personal injury and SSC suffered economic injury, as well as other damages and/or losses.

43.    Prior to the MTBE Spill, Petitioner had actual and/or constructive knowledge of the facts and circumstances leading to the MTBE Spill. Petitioner knew or should have known their failures to exercise reasonable care would cause significant losses. Petitioner's actions and inactions were grossly negligent, reckless, willful, and/or wanton.

44.    SSC is entitled to a judgment that Petitioner is liable to SSC for damages

suffered as a result of their negligence, gross negligence, recklessness, willfulness or wantonness. SSC should be compensated for damages in an amount to be determined by the trier of fact, including punitive damages for Petitioner's conduct.

### C. GROSS NEGLIGENCE AND WILLFUL MISCONDUCT

45. Petitioner owed and breached duties of ordinary and reasonable care to SSC in connection with the maintenance of, and operation of the vessels, and additionally owed and breached duties to SSC to guard against and/or prevent the risk of the MTBE Spill.

46. Petitioner breached its legal duty to SSC and failed to exercise reasonable care and acted with reckless, willful, and wanton disregard in the negligent maintenance and/or operation of the vessels.

47. Petitioner knew or should have known that its wanton, willful, and reckless misconduct would result in a disastrous spill or significant environmental, health, and property damage, causing damage to those affected by the MTBE Spill by failing to exercise reasonable care and acting with reckless, willful, and wanton disregard in the operation of the vessels.

48. Petitioner acted with gross negligence, willful misconduct, and reckless disregard for human life and the safety and health of the environment and SSC.

49. SSC is entitled to a judgment finding Petitioner liable to SSC for damages suffered as a result of Petitioner's gross negligence and/or willful misconduct and awarding SSC adequate compensation in an amount to be determined by the trier of fact, including punitive damages for Petitioner's conduct.

# VI.
# DAMAGES

50. SSC would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by SSC.

51. As a result of said injuries SSC has sustained the following damages for which they affirmatively seek recovery from the Petitioner:

   a. Economic and compensatory damages in amounts to be determined at trial;

   b. Reasonable and necessary medical and other health care related expenses, assistance, and treatment in the past and future attributable to the injuries inflicted upon SSC's employees and paid for by SSC;

   c. Punitive damages to the fullest extent available under the law;

   d. Pre-judgment and post-judgment interest at the maximum rate allowable by law;

   e. Reasonable claims-preparation expenses;

   f. Attorneys' fees and costs of litigation; and

   g. Such other and further relief available under all applicable state laws and any relief the Court deems just and appropriate.

# VII.
# PRE-AND-POST JUDGMENT INTEREST SOUGHT

52. SSC further seeks for the recovery of all interest allowed at law, including pre-judgment and post-judgment interest.

## VIII.
## CONDITIONS PRECEDENT SATISFIED

53. SSC alleges that all conditions precedent to the maintenance of this action have been met or satisfied.

WHEREFORE, PREMISES CONSIDERED, SSC prays that upon trial hereof, SSC have and recover such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages and all punitive and exemplary damages as may be found. In addition, SSC requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on its behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

**VAUGHAN & RAMSEY**


  /s/ Daena G. Ramsey
Daena G. Ramsey
State Bar No. 08093970
Fed. ID No. 11952
dramsey@vrlaw.net
530 S. Carrier Parkway, Suite 300
Grand Prairie, TX   75051
(972) 262-0800
(888) 711-6044 - *Toll Free*
(972) 642-0073 - *facsimile*
          and
Two Allen Center
1200 Smith Street, 16th Floor
Houston, TX 77002
(713) 230-8800

ATTORNEYS FOR CLAIMANT
SHIPPERS STEVEDORING COMPANY

## **CERTIFICATE OF SERVICE**

  I certify that a true and correct copy of the foregoing document has been served upon parties and/or counsel of record pursuant to the Federal Rules of Civil Procedure, via E-Service, on September 4, 2015.


            */s/ Daena G. Ramsey*
            Daena G. Ramsey