**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | C.A. NO. 3:15-CV-00106 |
| COMPLAINT OF MAERSK | § | |
| TANKERS, AS OWNER AND | § | |
| OPERATOR OF THE M/T CARLA | § | |
| MAERSK FOR EXONERATION | § | (ADMIRALTY) |
| FROM OR LIMITATION OF LIABILITY | § | |

**FIRST AMENDED CLAIM OF DAMAGES FOR PERSONAL INJURY**
**AND ANSWER TO LIMITATION PLAINTIFFS VERIFIED COMPLAINT FOR**
**EXONERATION FROM OR LIMITATION OF LIABILITY**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COME NOW, Joseph Carmichael, Joe Navarro, and Rosalinda Navarro ("Claimants"), and make this claim against Maersk Tankers AS ("Petitioner") as owner and operator of the M/T Carla Maersk as follows:

I.

**CLAIM OF DAMAGES**

1. Claimants own properties ("Properties") which are located at 89 Baybridge Road, La Porte, Texas 77571, 311 Vinsonia Street, La Porte, Texas, 77571, in Harris County.

2. On March 9, 2015, the M/T Carla Maersk, a 29,289 gross ton tanker vessel, collided with the M/V Conti Peridot, a 33,036 gross ton bulk carrier, while sailing outbound through the Houston Ship Channel at approximately the Morgan's Point peninsula. At the time of the collision, the Carla Maersk was carrying 216,049 barrels of Methyl Tert-Butyl Ether ("MTBE"), which is a liquid gasoline additive. As a result of this collision, the Carla Maersk discharged an unknown amount of MTBE into the Houston Ship Channel and the

atmosphere of the neighboring communities. MTBE is identified under the section 112(b) of the U.S. Clean Air Act Amendments of 1990 [42 USC Sec 7412(b)] as a Hazardous Air Pollutant (HAP). This followed the U.S. Environmental Protection Agency's determination that it is known to have, or may have, adverse effects on human health or the environment. It is a colorless, flammable liquid with a turpentine-like odor. MTBE vapors are heavier than air, and it is miscible in water. Since MTBE is a highly dangerous substance, the U.S. Coast Guard classified the accident as a major marine casualty with a high likelihood of serious environmental consequences.

3. The collision of the vessels occurred in the navigable waters of the Houston Ship Channel in Galveston, Texas.

4. Claimants sustained severe and disabling bodily injuries, economic injuries, damages and losses due to the negligence, carelessness and fault of Petitioner as owner and operator of the Carla Maersk.

5. Claimants did not contribute in any way to the cause of the collision or their injuries.

6. Petitioner claims to own and manage the Carla Maersk.

## NEGLIGENCE

7. Petitioner owed a duty to use reasonable care and refrain from negligent conduct in its operation of the Carla Maersk. Specifically, Petitioner owed a duty to refrain from negligent conduct that would cause a collision with another vessel as well as polluting the natural environment of and surrounding the Houston Ship Channel.

8. Claimants live in relatively close proximity to Petitioner's activities involving operation of the Carla Maersk, and it was reasonably foreseeable that Claimants would be exposed to harm due to the risks associated with these activities.

2

9.   Petitioner failed to exercise reasonable care while operating the Carla Maersk, thereby breaching duties owed to Claimants and thus committing negligence. Specifically, Petitioner committed negligence by:

    a.  Failing to use ordinary care in operating the Carla Maersk;

    b.  Failing to adequately contain and secure dangerous substances such as MTBE in the event that a collision might occur;

    c.  Failing to provide an adequate and competent crew;

    d.  Failing to use ordinary care to train its crew; and

    e.  Failing to refrain from committing other negligent acts and/or omissions to be proven at the time of trial.

10.  Petitioner is liable for negligence and recklessness in its operation of the Carla Maersk.

11. Claimants are entitled to a judgment that Petitioner is liable to Claimants for all damages suffered as a result of this negligence and recklessness, and should receive adequate compensation for these damages, including punitive damages, in a monetary amount to be decided by the trier of fact.

## GROSS NEGLIGENCE

12. Petitioner owed a duty to use reasonable care and refrain from negligent conduct in its operation of the Carla Maersk. Specifically, Petitioner owed a duty to refrain from negligent conduct that would cause a collision with another vessel as well as polluting the natural environment of and surrounding the Houston Ship Channel.

13. Petitioner failed to exercise reasonable care while operating the Carla Maersk and acted with reckless, willful, and wanton disregard, thereby breaching duties owed to Claimants and thus committing gross negligence.

14. Petitioner knew or should have known that this serious misconduct would result in a multitude of damages affecting the safety of nearby residents and the surrounding environment.

15. Claimants are entitled to a judgment that Petitioner is liable to Claimants for all damages suffered as a result of this gross negligence and extreme recklessness, and should receive adequate compensation for these damages, including punitive damages, in a monetary amount to be decided by the trier of fact.

## PRIVATE NUISANCE

16. Petitioner negligently interfered with and invaded Claimants' interests in the Properties by failing to take necessary actions to prevent the MTBE spill.

17. Petitioner's conduct resulted in a disaster that has directly and proximately caused a private nuisance that has interfered with Claimants' interest in the Properties.

18. Claimants' injuries resulted from Petitioner's gross negligence, which entitles Claimants to exemplary damages.

19. Claimants are entitled to a judgment that Petitioner is liable to Claimants for all damages suffered as a result of private nuisance, and should receive adequate compensation for these damages, including punitive damages, in a monetary amount to be decided by the trier of fact.

## NEGLIGENT TRESPASS

20. Petitioner's negligence in causing the collision that resulted in the release of MTBE into the Houston Shipping Channel was a trespass that caused injury to Claimants and the Properties.

21. Claimants are entitled to a judgment that Petitioner is liable to Claimants for all damages suffered as a result of negligent trespass, and should receive adequate compensation for these damages, including punitive damages, in a monetary amount to be decided by the trier of fact.

**DAMAGES**

22. Claimants are entitled to maintain an action and bring claims for the following damages arising from their injuries:

  a. Claims are made for compensation for the physical, mental and emotional pain, suffering and impairment that Claimants have and will suffer as a result of their injuries.

  b. Claims are made for the past and future medical expenses Claimants have incurred and in reasonable probability will incur as a result of their injuries.

  c. Claims are made for market-value damages caused by permanent injury to Claimants' real property interests.

  d. Claims are made for loss of use and enjoyment of the Properties caused by temporary injury to Claimants' real property.

  e. Claims are made for economic and compensatory damages in amounts to be determined at trial.

  f. Claims are made for punitive damages to the fullest extent available under the law.

  g. Claims are made for attorneys' fees and costs of litigation.

  h. Claims are made for costs of court, pre-judgment and post-judgment interest to which Claimants are entitled under the law.

23. Claims are being made under protest and without prejudice to Claimants' position that this limitation is improper and should be dismissed.

24. Wherefore, premises considered, Claimants demands judgment against Petitioner for the full value of Claimants' damages, including pre-judgment and post-judgment interest and costs of court, and for such other and further relief to which Claimants may be justly entitled.

## JURY DEMAND

25. Claimants reserve their right to demand a trial by jury in the forum of their choice, as provided by the laws of the United States and the State of Texas, without waiving their claims that Petitioner is not entitled to an exoneration from or limitation of liability.

## II.

## ANSWER TO LIMITATIONS PLAINTIFF'S COMPLAINT

COMES NOW, Claimants, and answers Petitioner's complaint that seeks exoneration from or limitation of liability.

26. Claimants admit the allegation in Paragraph 1 of Petitioner's verified complaint.

27. Claimants lack information on which to admit or deny the allegation in Paragraph 2 of Petitioner's verified complaint.

28. Claimants lack information on which to admit or deny the allegation in Paragraph 3 of Petitioner's verified complaint.

29. Claimants admit the allegation in Paragraph 4 of Petitioner's verified complaint.

30. Claimants lack information on which to admit or deny the allegation in Paragraph 5 of Petitioner's verified complaint.

31. Claimants lack information on which to admit or deny the allegation in Paragraph 6 of Petitioner's verified complaint.

32. Claimants have no basis on which to admit or deny the allegation in Paragraph 7 of Petitioner's verified complaint.

33. Claimants admit the allegation in Paragraph 8 of Petitioner's verified complaint.

34. Claimants admit the allegation in Paragraph 9 of Petitioner's verified complaint.

35. Claimants have no basis on which to admit or deny the allegation in Paragraph 10 of Petitioner's verified compliant.

36. Claimants lack information on which to admit or deny the allegation in Paragraph 11 of Petitioner's verified complaint.

37. Claimants admit the allegation in Paragraph 12 of Petitioner's verified complaint.

38. Claimants admit the allegation in Paragraph 13 of Petitioner's verified complaint.

39. Claimants admit the allegation in Paragraph 14 of Petitioner's verified complaint.

40. Claimants contest and/or deny the allegations in Paragraph 15 of Petitioner's verified complaint.

41. Claimants contest and/or deny the allegations in Paragraph 16 of Petitioner's verified complaint.

42. Claimants contest and/or deny the allegations in Paragraph 17 of Petitioner's verified complaint.

43. Claimants contest and/or deny the allegations in Paragraph 18 of Petitioner's verified complaint.

44. Claimants lack information on which to admit or deny the allegation in Paragraph 19 of Petitioner's verified complaint.

45. Claimants contest and/or deny the allegations in Paragraph 20 of Petitioner's verified complaint.

46. Claimants lack information on which to admit or deny the allegation in Paragraph 21 of Petitioner's verified complaint.

47. Claimants contest and/or deny the allegations in Paragraph 22 of Petitioner's verified complaint.

48. In answering further, Claimants would show that Petitioner is not entitled to exoneration from liability because Petitioner proximately caused the injuries suffered by Claimants. Specifically, Petitioner failed to:

   a. Use ordinary care in operating the Carla Maersk;

   b. Provide an adequate and competent crew;

   c. Use ordinary care to train its crew; and

   d. Refrain from committing other negligent acts and/or omissions to be proven at the time of trial.

49. Claimants would also show that Petitioner's claim should be dismissed because it has not presented sufficient evidence to show it lacked privity or knowledge of the condition responsible for the collision.

50. Claimants reserve the right to challenge the status of Petitioner as the owner/operator of said vessel and Petitioner's entitlement to seek limitation of or exonerations from liability in this matter.

51. Claimants reserve the right to contest the appraisal value of the Carla Maersk, her tackle, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

52. Claimants would further show that this court should appoint a Commissioner in due course to appraise the Carla Maersk.

53. Without waiving said claim that Petitioner is not entitled to an exoneration from or limitation of liability, Claimants reserve their right to demand a trial by jury in the forum of his choice pursuant to the "savings to suitors" clause of the Judiciary Act of 1789, 28 U.S.C. § 1333.

54. Without waiving said claim that Petitioner is not entitled to an exoneration from or limitation of liability, Claimants reserve their rights provided under rule F(7) of the Supplemental Rules for Certain Admiralty Maritime Claims under the Federal Rules of Civil Procedure to demand that the amount of security referred to in Petitioner's Limitation of Liability Claim to be increased on the grounds that it is less than Petitioner's interests in the vessel, or on the grounds that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury. 46 U.S.C. § 183 (b)-(f).

WHEREFORE, PREMISES CONSIDERED, Claimants pray that Petitioner's complaint seeking exoneration from or limitation of liability be dismissed and for such other and further relief to which Claimants may be entitled.

Respectfully submitted,

THE PINKERTON LAW FIRM, PLLC

By: _/s/ Chad Pinkerton_
     **Chad Pinkerton**
     Federal ID No. 1068659
     State Bar No. 24047199
     **Benjamin R. Roberts**

9

Federal ID No. 1295256
State Bar No. 24068038
**J. Josh Collum**
Federal ID No. 2674956
State Bar No. 24087329
5020 Montrose Blvd
Suite 550
Houston, Texas  77006
Telephone: 713-360-6722
Facsimile: 713-360-6810

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing pleading has been forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure on this 4<u>th</u> day of September 2015.

<u>*/s/ Josh Collum*</u>

J. Josh Collum
