UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN RE:  IN THE MATTER OF THE | § | |
| COMPLAINT OF MAERSK TANKERS | § | C.A. NO.: 3:15-CV-00106 |
| AS, AS OWNER AND OPERATOR OF THE | § | |
| M/T CARLA MAERSK FOR | § | (ADMIRALTY) |
| EXONERATION FROM OR LIMITATION | § | |
| OF LIABILITY | § | |

**CLAIM AND ANSWER TO VERIFIED COMPLAINT**

COMES NOW, Claimants Magellan Midstream Partners, L.P.; Magellan Terminal Holdings, L.P.; and Magellan Pipeline Company, L.P. (hereinafter jointly referred to as "Magellan") who submit the following Claim and Answer to the Verified Complaint for Exoneration From or Limitation of Liability ("Verified Complaint"), of Maersk Tankers AS (hereinafter "Maersk Tankers"), as owner and operator of the *MV Carla Maersk*, and would respectfully show as follows:

**I.   CLAIM FOR DAMAGES**

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all times relevant to this Claim, Magellan was the owner and operator of a petroleum terminal along the Houston Ship Channel, located at 12901 American Petroleum Road, Galena Park, Texas.

3. On or about March 9, 2015, while transiting the Houston Ship Channel, the Maersk Tankers' vessel, *MV Carla Maersk*, with full privity and knowledge on the part of Maersk Tankers, did collide with the *MV Conti Peridot*.

4. At the time of the collision, the *MV Carla Maersk* was carrying 216,049 barrels of Methyl Tert-Butyl Ether ("MTBE"), and a substantial amount of that MTBE was released into

the Houston Ship Channel. As a result of the release, the Houston Ship Channel was closed to maritime traffic for an extended period of time.

5. Magellan experienced a loss of income because of the inability to load ships and barges during the channel's closure, which was directly caused by the collision.

6. The collision was due solely to the negligence, carelessness, recklessness or other fault on the part of the *MV Carla Maersk* and Maersk Tankers, including but not limited to, Violation of the Rules of Navigation.

7. Maersk Tankers failed to exercise due diligence to make the *MV Carla Maersk* seaworthy and the *MV Carla Maersk* was not, in fact, seaworthy and/or fit for the service in which it was engaged.

8. This claim is being made without prejudice to Claimant's position that this limitation is improper and should be dismissed.

9. Wherefore, premises considered, Magellan demands judgment against Maersk Tankers for the full value of its damages, include pre-judgment and post-judgment interest and costs of court, and for such other and further relief to which Magellan may be justly entitled.

## II.  ANSWER AND DEFENSES

Magellan answers the numbered allegations of the Verified Complaint as follows:

10. Magellan admits the allegations contained in Paragraph 1 of the Verified Complaint.

11. Magellan is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraphs 2 through 6 of the Verified Complaint, and therefore denies each and every allegation thereof.

12. Magellan denies the allegations contained in Paragraph 7 of the Verified Complaint.

13.     Magellan admits that the two vessels were together in the Houston Ship Channel on or about March 9, 2015, and that the two ships subsequently collided in the Houston Ship Channel. Except as so expressly and specifically admitted, Magellan denies the remaining allegations set forth in Paragraph 8 of the Verified Complaint.

14.     Magellan admits the allegations contained in Paragraph 9 of the Verified Complaint.

15.     Magellan denies the allegations contained in Paragraph 10 of the Verified Complaint.

16.     Magellan is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 11 through 14 of the Verified Complaint, and therefore denies each and every allegation thereof.

17.     Magellan denies the allegations contained in Paragraphs 15 through 18 of the Verified Complaint.

18.     Magellan is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 19 of the Verified Complaint, and therefore denies each and every allegation thereof.

19.     Magellan denies the allegations contained in Paragraph 20 of the Verified Complaint.

20.     Magellan is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 21 of the Verified Complaint, and therefore denies each and every allegation thereof.

21.     Magellan denies the allegations contained in Paragraph 22 of the Verified Complaint.

22.     Magellan denies the allegations in all other Paragraphs and statements of the Verified Complaint.

## FIRST AFFIRMATIVE DEFENSE

23.     The Verified Complaint fails to state a claim or cause of action upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

24. Magellan alleges that the incident which forms the basis of Maersk Tankers' Verified Complaint was caused or occasioned by Maersk Tankers' fault, neglect, lack of due diligence and want of due care, as well as the unseaworthiness of the *MV Carla Maersk*, which is specifically pleaded in bar of Maersk Tankers' request for exoneration from or limitation of liability in connection with the collision on or about March 9, 2015, between the *MV Carla Maersk* and the *MV Conti Peridot*.

THIRD AFFIRMATIVE DEFENSE

25. The damages suffered by Magellan were caused in whole or in part by the fault, design or neglect, or want of care of Maersk Tankers and/or the *MV Carla Maersk* and/or those in charge of the *MV Carla Maersk* and/or persons for whom Maersk Tankers is responsible.

FOURTH AFFIRMATIVE DEFENSE

26. Prior to, and at all times referenced in the Verified Complaint, Maersk Tankers failed to exercise due diligence to make the *MV Carla Maersk* seaworthy. The *MV Carla Maersk* was at all relevant times not fit to undertake the service in which she was engaged. The damages suffered by Magellan were caused in whole or in part by Maersk Tankers' failure to exercise due diligence to make the *MV Carla Maersk* seaworthy.

FIFTH AFFIRMATIVE DEFENSE

27. The amount of security sought in the Verified Complaint is insufficient and must be increased because, inter alia, such amount is inadequate to secure Maersk Tankers' liabilities and obligations to Magellan and other claimants herein.

## SIXTH AFFIRMATIVE DEFENSE

28.    The damages suffered by Magellan, as well as the casualty alleged in the Verified Complaint, resulted from causes within the privity and knowledge of Maersk Tankers, and/or its officers, directors, managers, supervisors, superintendents, and/or such persons whose privity and knowledge are imputable to Maersk Tankers.

WHEREFORE, Claimant Magellan respectfully requests that the Court issue an Order:

a.    Dismissing the Verified Complaint in all respects; or,

b.    in the alternative, directing Maersk Tankers, to post additional financial security to discharge and secure Maersk Tankers' liabilities and obligations to all to all claimants herein; or,

c.    in the further alternative, directing Maersk Tankers to post additional financial security sufficient to reflect the actual value of the *MV Carla Maersk* together with pending freight; and

d.    Granting to Magellan all such other and further relief to which it may show itself justly entitled, in law or in equity.

Respectfully submitted,

    /S/  KEITH W. LAPEZE
Keith W. Lapeze
Attorney-In-Charge
TBA No.  24010176
SD No. 24437
601 Sawyer Street, Suite 650
Houston, Texas 77007
Tel. No. (713) 739-1010
Fax No. (713) 739-1015
E-Mail keith@lapezejohns.com

OF COUNSEL:

Taylor Shipman
TBA No. 24079323
E-Mail taylor@lapezejohns.com

ATTORNEYS FOR MAGELLAN

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was served electronically through the Court's CM/ECF system on all attorneys of record on this the 6th day of September, 2015.

          /S/  KEITH W. LAPEZE
Keith W. Lapeze