IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | C.A. NO. 3:15-cv-00106 |
| OF MAERSK TANKERS AS, AS OWNER | § | |
| AND OPERATOR OF THE M/T CARLA | § | |
| MAERSK FOR EXONERATION FROM | § | |
| OR LIMITATION OF LIABILITY | § | (Admiralty) |
| | § | |
| | § | |

**ORIGINAL CLAIMS AND ANSWER TO PETITIONER'S VERIFIED COMPLAINT
FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Constance Gordon, Siamon Gordon, and Roddie Anderson ("Claimants"), under protest and without prejudice to Claimant's position that this proceeding has been improperly filed and should be dismissed, and file this Claim and Answer to the Original Complaint for Exoneration from or Limitation of Liability filed by Maersk Tankers ("Petitioner").

Claimants would respectfully show the Court the following:

**I.**

**CLAIM FOR DAMAGES**

At about 12:30pm on or about March 9, 2015, the M/T CARLA MAERSK met with the M/V CONTI PERIDOT while passing through the Houston Ship Channel resulting in a collision. As a result of said collision, M/T CARLA MAERSK suffered extensive damage to its hull and equipment, including breaching multiple cargo tanks. At the time of the collision CARLA MAERSK was carrying 216,049 barrels of Methyl tert-butyl ether ("MTBE"), which is a liquid gasoline additive. As a result of the collision, an unknown amount of MTBE was discharged into the Houston Ship Channel.

According to the United States Environmental Protection Agency, "MTBE is a chemical

compound that is manufactured by the chemical reaction of methanol and isobutylene. MTBE is almost exclusively used as a fuel additive in motor vehicle gasoline. It is one of a group of chemicals commonly known as 'oxygenates' because they raise the oxygen content of gasoline. At room temperature, MTBE is a volatile, flammable and colorless liquid that dissolves rather easily in water." Given the nature of this chemical, the EPA has taken action to significantly reduce or eliminate the presence of MTBE. Furthermore, the EPA has stated that MTBE is "likely to be carcinogenic to humans."

Claimants reside at 502 North 5th Street, La Porte, Texas 77571. As a result of the MTBE released during the time of this collision, Claimants have inhaled and/or were exposed to the toxic MTBE vapors. As a result of inhaling such vapors, Claimants have suffered from coughing, breathing difficulty, irritation and other issues requiring medical treatment.

Claimants allege that the incident was proximately caused in whole or in part by the negligence and/or fault of Maersk Tankers AS. Claimants' damages are a result of the fault, privity or knowledge of Maersk Tankers. As such, said damages are the result in whole or in part of the acts and/or omissions of Petitioner.

Petitioner breached its duty of ordinary and reasonable care in maintaining and operating the M/T CARLA MAERSK. Petitioner acted without reasonable care and with reckless, willful, and wanton disregard in the negligent maintenance and operation of the M/T CARLA MAERSK, and in spilling and exposing Claimants to MTBE. Petitioner acted with gross negligence, willful misconduct, and reckless disregard for human life, the environment and the well being of Claimants.  As such, Claimants are entitled to a judgment finding Petitioner liable to Claimant for damages suffered as a result of Petitioner's gross negligence and/or willful misconduct, and awarding Claimants adequate compensation in an amount to be determined by the trier of fact, including punitive damages for Petitioner's conduct.

## II.

## **DAMAGES**

Claimants seek recovery from Petitioner for the following damages arising from their injuries:

a. Economic loss and compensatory damages;

b. Reasonable and necessary medical and other health care related expenses, assistance and treatment in the past and future, attributable to the injuries inflicted upon Claimant's as described herein;

c. Physical pain and suffering in the past and future;

d. Mental anguish and suffering in the past and future;

e. Physical impairment in the past and future;

f. Punitive damages to the fullest extent available under the law;

g. Pre- and post-judgment interest at the maximum rate allowable by law;

h. Attorney's fees and costs of litigation; and

i. All such other and further relief available under all applicable laws and any further relief the Court deems just and appropriate.

## III.

## INTEREST

Claimants seek pre-judgment and post-judgment interest as allowed by law.

## IV.

## CONDITIONS PRECEDENT SATISFIED

Claimants alleges that all conditions precedent to the maintenance of this action have been met or satisfied.

## V.

## JURY DEMAND

Claimants respectfully demand a jury.

## VI.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Claimants demand judgment against Petitioner in an amount to be determined by this Honorable Court, in addition to pre-judgment and post-judgment interest, and all costs of court.

## VII.

## ANSWER TO COMPLAINT

Claimants, under protest and without prejudice to Claimants' position that this proceeding has been improperly filed and should be dismissed, and preserving their rights pursuant to Rule 12(b)(1) through 12 (b)(6) of the Federal Rules of Civil Procedure, file this Answer to Petitioner's Original Complaint for Exoneration from or Limitation of Liability, and would respectfully show the Court as follows:

Claimants, subject to and without waiving the foregoing defenses, answer the specific numbered paragraphs of the Petitioner's Complaint as follows:

### FIRST DEFENSE

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Petitioner's Complaint fails to state a claim or cause of action upon which relief can be granted.

### SECOND DEFENSE

The Complaint should be dismissed, as the limitation fund is inadequate. Petitioner has failed to deposit adequate security equal to the value of the vessel, plus pending freight.

### THIRD DEFENSE

The March 9, 2015, was proximately caused by the negligence of M/T CARLA MAERSK and its agents and/or employees and as a direct and proximate result of unseaworthy conditions existing on board the vessel, which occurred with the privity and knowledge of Petitioner. As such, Petitioner cannot limit its liability.

Subject to and without waiving the foregoing defenses, Claimants answer the specific numbered paragraphs of the Petitioner's Complaint as follows:

1.

Claimants admit to the jurisdiction of this Court being proper.

2.

Claimants have no knowledge as to the type of business entity that Petitioner exists as, nor

the location of the principal office as alleged in Paragraph 2 of the Complaint.

3.

Claimants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 3 of the Complaint.

4.

Claimants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 4 of the Complaint.

5.

Claimants deny the allegation contained in Paragraph 5 of the Complain.

6.

Claimants deny the allegation contained in Paragraph 6 of the Complaint.

7.

Claimants deny the allegation contained in Paragraph 7 of the Complaint.

8.

Claimants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 8 of the Complaint.

9.

Claimants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 9 of the Complaint.

10.

Claimants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 10 of the Complaint.

11.

Claimants admit that as a result of the collision, the CARLA MAERSK sustained breached cargo tanks. However, Claimants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 11 of the Complaint.

12.

Claimants admit that at the time of the collision the CARLA MAERSK was carrying Methyl tert-butyl ("MTBE"). However, Claimants are without knowledge or information sufficient to form a belief as to the truth of the quantity contained in Paragraph 12 of the Complaint.

13.

Claimants admit that MTBE was discharged into the Houston Ship Channel. However, Claimants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the Complaint.

14.

Claimants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 14 of the Complaint.

15.

Claimants deny the allegation contained in Paragraph 15 of the Complaint.

16.

Claimants deny the allegation contained in Paragraph 16 of the Complaint.

17.

Claimants deny the allegation contained in Paragraph 17 of the Complaint.

18.

Claimants deny the allegation contained in Paragraph 18 of the Complaint.

19.

Claimants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 19 of the Complaint.

20.

Claimants deny the allegation contained in Paragraph 20 of the Complaint.

21.

Claimants deny the allegation contained in Paragraph 21 of the Complaint.

22.

Claimants deny the allegation contained in Paragraph 22 of the Complaint.

## PRAYER

WHEREFORE, Claimants pray that Petitoner Maersk Tanker AS' Complaint for Exoneration From or Limitation of Liability be dismissed with prejudice; that Petitioner's security be deemed insufficient and inadequate; that Claimants be awarded damages; and that Claimants have such other and further relief as to which they may show themselves to be justly entitled.

Respectfully submitted,

LAW OFFICE OF ALBANY WILLIS

*/s/ Albany L. Willis*
Albany L. Willis
State Bar No. 24077145
Federal I.D. No. 2668088
albanywillislaw@gmail.com
2616 South Loop West, Suite 100H
Houston, Texas 77054
(281) 410-8118 – telephone
**ATTORNEY FOR CLAIMANTS,
CONSTANCE GORDON, SIAMON
GORDON AND RODDIE ANDERSON**

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed this document on this 7th day of September 2015, and that a true and correct copy of the foregoing document was served on all counsel of record via CM/ECF system for the United States District Court for the Southern District of Texas, and/or via facsimile or certified mail, return receipt requested, to the following:

William A. Durham
Eastham, Watson, Dale & Forney, L.L.P.
The Niels Esperson Building
808 Travis, Suite 1300
Houston, Texas 77002-5769

                                                  */s/ Albany L. Willis*
                                                  Albany L. Willis