IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT § <br> OF MAERSK TANKERS AS, AS OWNER § <br> AND OPERATOR OF THE M/T/ CARLA § <br> MAERSK FOR EXONERATION § <br> FROM OR LIMITATION OF LIABILITY § <br> § | C.A. No 3:15-cv-106 <br> (Admiralty) |

## CLAIM AND ANSWER AND AFFIRMATIVE DEFENSES TO VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

### CLAIM FOR DAMAGES

COMES NOW, Claimants, TRAVELERS INDEMNITY COMPANY ("Travelers") and CATLIN INSURANCE COMPANY, INC. ("Catlin"), by counsel and pursuant to Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and asserts its Claim against Petitioners, MAERSK TANKERS AS ("Maersk Tankers"), and the *M/T CARLA MAERSK*, a motor vessel, including her engines, machinery, apparel, fixtures, appurtenances, freights, tenders, etc. (the "*CARLA MAERSK*"), and states:

1. This is a claim for damages within the Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) and arising out of a tortious act(s), i.e., a collision between the *CARLA MAERSK* and the *M/V CONTI PERIDOT* (the "*CONTI PERIDOT*"), in navigable waters located within the Southern District of Texas (the "District").

2. Venue is proper in this Court, because, to the best of Claimant's knowledge, information and belief, at the time the Verified Complaint for Exoneration from or Limitation of Liability was filed, the *CARLA MAERSK* had not been attached or arrested, and no suit had been filed against the owner of the *CARLA MAERSK* to answer to the disputed matters. Additionally, the incident,

acts, and omissions giving rise to this action substantially occurred in navigable waters located within the District.

3. Claimant Travelers is a corporation incorporated under the laws of Connecticut with its principal office located at One Tower Square, Hartford, CT 06183.

4. Claimant Catlin is a corporation incorporated under the laws of Delaware with its principal office located at 3340 Peachtree Road NE Suite 2950, Atlanta, GA 30326.

5. The *CARLA MAERSK* is a motorized tanker vessel bearing the IMO number 9171503. The *CARLA MAERSK* is 182.82 meters in length, has a breadth of 32.2 meters and has a gross tonnage of 29,289 tons. The *CARLA MAERSK* was built in 1999 and registered in Denmark.

6. Maersk Tankers is a business entity organized and existing under the laws of Denmark with its principal office located in Copenhagen, Denmark. Maersk Tankers is the registered owner and operator of the *CARLA MAERSK*.

## FACTS

7. The *CONTI PERIDOT* is a 33,036 gross ton bulker built in 2011 and registered in Liberia. The *CONTI PERIDOT* is 189.99 meters in length, 32.26 meters in breadth and bears IMO number 9452643.

8. At all relevant times, Travelers was the insurer of a cargo of fourteen steel coils moving under the Bill of Lading SKSMSAA00103000, dated December 29, 2014, carried aboard the *CONTI PERIDOT* from Shanghai, China to Altimira, Mexico. A commercial invoice was issued for the steel coils for the amount of $78,668.00. On the Bill of Lading, National Material Company, LLC is designated the consignee and National Material of Mexico, S. de R.L. de C.V. is designated as the "notify party."

9. At all relevant times, Catlin was the insurer of a cargo of two steel coils moving under the Bill of Lading SKSMCSNL00096000, dated January 6, 2015, carried aboard the *CONTI PERIDOT* from Changshu, China to New Orleans, Louisiana. A commercial invoice was issued for the steel coils for the amount $27,414.05. On the Bill of Lading, Societe Generale, New York is designated the consignee and Optima Steel International, LLC is designated the "notify party."

10. At approximately 12:30 p.m. on March 9, 2015, while transiting the Houston Ship Channel, the *CARLA MAERSK* collided with the *CONTI PERIDOT* near buoys 89 and 90 in the Houston Ship Channel, Upper Galveston Bay, southeast of Morgan's Point, Texas.

11. At the time of the collision, the steel coils insured by the Claimants were aboard the *CONTI PERIDOT*.

12. The collision occurred due to the negligence, carelessness, recklessness or other fault on the part of the *CARLA MAERSK* and Maersk Tankers.

13. Maersk Tankers breached their duty under general maritime law to provide a seaworthy vessel by failing to provide a vessel that was seaworthy and/or fit for the service in which it was engaged.

14. As a result of the collision, the *CONTI PERIDOT* suffered damage to its hull and equipment.

15. As a result of the collision, the owner of the *CONTI PERIDOT* declared general average.

16. As a result of the general average declaration, Claimants and their insureds have been compelled to post bonds, guarantees, and security for the release of the insured cargoes.

17. As a result of the collision between the *CARLA MAERSK* and *CONTI PERIDOT*, and the subsequent declaration of general average by the owner of the *CONTI PERIDOT*, the Claimants and their insureds are responsible for general average contributions.

18. On May 8, 2015, Maersk Tankers, as owner and operator of the *CARLA MAERSK*, filed a Verified Complaint for Exoneration from or Limitation of Liability in the Southern District of Texas, Galveston Division.

19. On May 29, 2015, the Court issued its Notice of Complaint for Exoneration from or Limitation of Liability Filed on May 8, 2015, in which the court required all persons having any claims arising out of the collision between the M/T CARLA MAERSK and M/V CONTI PERIDOT to file such claims before 10:00 a.m. on the 7th day of September 2015.

## COUNT 1
## NEGLIGENCE

20. Claimants re-allege and incorporate paragraphs 1-19 as if fully stated herein.

21. Maersk Tankers, the *CARLA MAERSK*, and her crew, were obligated by general maritime law to exercise reasonable care and prudent seamanship while operating and navigating the *CARLA MAERSK* in the waters of the Port of Houston, and to avoid causing harm and damage to the *CONTI PERIDOT* and its cargo.

22. Further, Maersk Tankers had a duty under the general maritime law to provide, for any vessel being operated in the waters of the Port of Houston, an adequate and competent crew and equipment, and to take appropriate steps to ensure that all applicable policies, procedures, and instructions were communicated to and followed by the officers.

23. The officers and crew of the *CARLA MAERSK* negligently failed to use all available, appropriate, and necessary means to prevent the collision with the *CONTI PERIDOT*. The officers and crew of the *CARLA MAERSK* negligently failed to comply with applicable rules and regulations, including, but not limited to, the Navigation Rules.

## COUNT II
## UNSEAWORTHINESS

24. Claimants re-allege and incorporate paragraphs 1-23 as if fully stated herein.

25. Maersk Tankers had a duty under the general maritime law to provide a seaworthy vessel for operation in the waters of the Port of Houston, including adequate and competent crew and equipment, with officers trained to take appropriate steps to ensure that all applicable policies, procedures, and instructions were communicated to and followed by the crew, and to provide and ensure a seaworthy vessel.

26. The *CARLA MAERSK* was unseaworthy at the time and place of the collision described herein for reasons, including, but not necessarily limited to:

   a. having inadequate and unfit crew in terms of numbers, qualifications, training, instructions, and competency; and

   b. having faulty, defective, improper, and/or inadequate equipment, prior to commencement of the voyage to wit: the vessel lacked adequate equipment or other devices to prevent the collision with the *CONTI PERIDOT*.

27. As a result of the foregoing unseaworthiness of the *CARLA MAERSK* and failure to operate the *CARLA MAERSK* to avoid causing damage to the *CONTI PERIDOT* and its cargo, Maersk Tankers and the *CARLA MAERSK* breached their duties to Claimants and violated their duties under the general maritime law by failing to provide a seaworthy vessel that was properly maintained, manned, and navigated.

28. The collision between the *CARLA MAERSK* and *CONTI PERIDOT* and the damages resulting therefrom were not caused or contributed to by any fault or negligence of the Claimants or its agents.

## DAMAGES

29. The collision between the *CONTI PERIDOT* and the *CARLA MAERSK* and the damages resulting therefrom, including but not limited to general average contributions by Claimants, were proximately caused by the unseaworthiness of the *CARLA MAERSK*, and the faults and negligence of those persons owning, in charge of, operating and/or aboard the *CARLA MAERSK*.

30. As a direct and proximate result of the unseaworthy condition of the *CARLA MAERSK*, the incompetence of its officers and crew, and Petitioners' privity and knowledge of the *CARLA MAERSK*'s unseaworthy condition at all time before and during the subject voyage and charter, the Claimants have suffered damages and will suffer additional damages in the future, including, but not necessarily limited to: expenses incurred due to general average contributions.

31. The full extent of the Claimants' damages, caused by the unseaworthy condition of the *CARLA MAERSK*, and the fault and negligence of Maersk Tankers, and the vessel's crew is unknown at this time.

32. Maersk Tankers should be required to indemnify Claimants and their insureds for any and all amounts of General Average costs and expenses which may be assessed against Claimants.

33. As a result of the maritime tort committed by the *CARLA MAERSK*, and described herein, the Claimants have a maritime lien against the *CARLA MAERSK*, including her engines, machinery, apparel, fixtures, appurtenances, freights, tenders, etc., in the amount of the Claimants' claims.

34. Damages suffered by the Claimants were caused directly by the aforementioned negligent acts and/or omission of Maersk Tankers and the *CARLA MAERSK*, as well as the unseaworthy condition of the vessel at commencement of the voyage and applicable charter which were all

within the privity and knowledge of Petitioners, and therefore limitation of and/or exoneration from liability pursuant to Supplemental Rule F should be denied.

WHEREFORE, Claimants, TRAVELERS INDEMNITY COMPANY AND CATLIN INSURANCE COMPANY, INC., respectfully requests this Court to:

(A) Enter judgment in favor of the TRAVELERS INDEMNITY COMPANY AND CATLIN INSURANCE COMPANY, INC., and against Petitioners, MAERSK TANKERS AS, and the vessel *M/T CARLA MAERSK*, in the full amount of TRAVELERS INDEMNITY COMPANY AND CATLIN INSURANCE COMPANY, INC.'s damages and any additional amounts proved at the trial of this action, plus costs, pre-judgment interest and post-judgment interest; and

(B) Award TRAVELERS INDEMNITY COMPANY AND CATLIN INSURANCE COMPANY, INC. such other and further relief as this court deems just, proper, and equitable.

## **VERIFICATION**

STATE OF TEXAS         §
                       §
HARRIS COUNTY          §

BEFORE ME, the undersigned authority, on this day personally appeared Ryan J. Vechan, who being duly sworn and says that he is a duly authorized attorney for the Claimants, Travelers Indemnity Company and Catlin Insurance Company, Inc., and that he has read the forgoing Claim and is familiar with its contents which are true to the best of his knowledge, information, and belief. The sources of his information and grounds for his belief include documents within his possession, a National Transportation Safety Board preliminary report, other news sources readily available to the public, and certain allegations of the Verified Complaint of Petitioners in this proceeding.

Printed Name: Ryan J. Vechan

SWORN TO and SUBSCRIBED before me on this the 8th day of September, 2015.

ROSA LANDIN
Notary Public, State of Texas
My Commission Expires
March 26, 2016

Notary Public in and for the State of Texas

## ANSWER AND AFFIRMATIVE DEFENESES TO PETITIONERS VERIFIED COMPLAINT

Claimants hereby answer and assert their affirmative defenses to the Verified Complaint for Exoneration from or Limitation of Liability ("Complaint") filed by Petitioners, MAERSK TANKERS AS, as owner and operator of the M/T *CARLA MAERSK*, and contest Petitioners' claimed rights to exoneration from and limitation of liability, as follows:

1. Claimants admit the allegations of paragraph 1 of the Complaint.

2. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 2 of the Complaint, and therefore, said allegations are denied.

3. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 3 of the Complaint, and therefore, said allegations are denied.

4. Claimants admit the allegations of paragraph 4 of the Complaint.

5. Claimants admit that Maersk Tankers' Declaration of Value states that on March 9, 2015, the value of the *CARLA MAERSK* was $4,250,000.00. Claimants lack knowledge or information sufficient to form a belief about the truth of the *CARLA MAERSK*'s value or the remaining allegations of paragraph 5 of the Complaint, and therefore said allegations are denied. Claimants expressly reserve their rights under Supplemental Rule F(7) to challenge the sufficiency of the limitation fund and/or the security given by Petitioners.

6. Claimants admit that Maersk Tankers' Declaration of Pending Freight states that the value of the freight pending for the voyage of the *CARLA MAERSK* scheduled to commence on March 9, 2015 and expected to end on or about March 28, 2015 was $400,000.00. Claimants lack knowledge or information sufficient to form a belief about the truth of the *CARLA MAERSK*'s pending freight or the remaining allegations of paragraph 6 of the Complaint, and therefore said

allegations are denied. Claimants expressly reserve their rights under Supplemental Rule F(7) to challenge the sufficiency of the limitation fund and/or the security given by Petitioners.

7. Claimants aver that the allegations set for in paragraph 7 of the Complaint state one or more conclusions of law and so require no response is required. To the extent that response may be required, said allegations are denied.

8. Claimants admit that on or about March 9, 2015, while the *CARLA MAERSK* was sailing outbound through the Houston Ship Channel at approximately Morgan's Point, it met the *CONTI PERIDOT* as the *CONTI PERIDOT* was traveling inbound the Houston Ship Channel. Claimants deny the remaining allegations of paragraph 8 of the Complaint.

9. Claimants admit that the *CONTI PERIDOT* is a 33,036 gross ton bulk carrier built in 2011 and registered in Liberia. Claimants also admit that the *CONTI PERIDOT* is 189.99 meters in length and 32.26 meters in breadth. Claimants admits that the *CONTI PERIDOT* bears the IMO number 9452634.

10. Claimants admit the *CONTI PERIDOT* and *CARLA MAERSK* collided at approximately 12:30 p.m. on March 9, 2015. Claimants aver that the allegations set for in paragraph 10 of the Complaint state one or more conclusions of law and so require no response is required. To the extent that response may be required, said allegations are denied.

11. Claimants admit the *CARLA MAERSK* suffered extensive damage to its hull, including breaching multiple cargo tanks. Claimants lacks the knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 11 of the Complaint, and therefore said allegations are denied.

12. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 12 of the Complaint, and therefore, said allegations are denied.

13. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 13 of the Complaint, and therefore, said allegations are denied.

14. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 14 of the Complaint, and therefore, said allegations are denied.

15. Claimants aver that the allegations set for in paragraph 15 of the Complaint state one or more conclusions of law and so require no response. To the extent that response may be required, said allegations are denied.

16. Claimants aver that the allegations set for in paragraph 16 of the Complaint state one or more conclusions of law and so require no response. To the extent that response may be required, said allegations are denied.

17. Claimants aver that the allegations set forth in paragraph 17 of the Complaint state one or more conclusions of law and so require no response. To the extent that response may be required, said allegations are denied.

18. Claimants aver that the allegations set for in paragraph 18 of the Complaint state one or more conclusions of law and so require no response. To the extent that response may be required, said allegations are denied.

19. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 19 of the Complaint, and therefore said allegations are denied.

20. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 20 of the Complaint, and therefore said allegations are denied.

21. Claimants aver that the allegations set for in paragraph 21 of the Complaint state one or more conclusions of law and so require no response. Claimants admit that Petitioners have filed

an *Ad Interim* Stipulation of Value in the amount of $4,650,000.00 plus interest at a rate of 6% per annum.

22. Claimants admit that the Complaint is within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Claimants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 22 of the Complaint, and therefore said allegations are denied.

23. Claimants specifically denies any allegations of the Complaint that are not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

24. Petitioners were negligent and/or had privity and knowledge of the negligent acts and omissions that caused or contributed to the cause of the incident described in the Complaint, and therefore Petitioners cannot invoke the benefits of 46 U.S.C. § 30501, *et seq.*

25. The *CARLA MAERSK* violated a statute or statutes whose purpose is to prevent collisions, accordingly, a presumption arises that the violation caused the collision.

26. It was within the power and ability of the *CARLA MAERSK*, her owners, and her crew to prevent and avoid the subject collision.

27. The *CARLA MAERSK* was unseaworthy at the time and place of the incident described in the Complaint, and therefore Petitioners cannot invoke the benefits of 46 U.S.C.§ 30501, *et seq.*, as a result of:

    a. having inadequate and unfit crew in terms of numbers, qualifications, training, instructions, and competency;

b. failing to have in place and adequately communicate to the crew adequate standard policies or procedures pertaining to proper look outs, safe speed, actions to avoid collisions, narrow channels, confined waterways transits, passing situations, reduced visibility, communications, bridge team management, and master-pilot interactions; and

c. having faulty, defective, improper, and/or inadequate equipment, prior to commencement of the voyage to wit: the vessel lacked adequate equipment or other devices to prevent the collision with the *CONTI PERIDOT*.

28. The incident described in the Complaint and the conditions of the unseaworthiness of the *CARLA MAERSK* occurred due to acts and omissions within the Petitioners' privity and/or knowledge, and therefore Petitioners cannot invoke the benefits of 46 U.S.C. § 4501, *et seq.*

29. The Complaint fails to state a claim upon which relief in the form of limitation of liability can be granted.

30. The Complaint fails to state a claim upon which relief in the form of exoneration from liability can be granted.

31. Petitioners are not entitled to exoneration from liability because neither the *CARLA MAERSK* nor the officers or crew of the *CARLA MAERSK*, are free from fault for the subject collision.

32. In filing its Answer, Affirmative Defenses, and Claim in this action, Claimants specifically reserve all rights to pursue all available claims in the forum of its choice for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause of 28 U.S.C. § 1333, and all state law remedies, including, but not limited to, the right to have Claimants' claims tried to a jury in the court of its choosing. The filing of its Answer,

Affirmative Defenses, and Claim in this action is in no way a waiver of the foregoing claims and rights.

33. The proceeds of any judgment, award, or settlement that may be received by the Petitioners, including the vessel, or any one of them, from any third party in recompense of any losses or damages sustained to the property or interests of the Petitioners in the vessel and her freight as a result of any fault or alleged fault of a third party must be included in the limitation fund.

34. Claimants reserve the right to contest the alleged value of the *CARLA MAERSK*, including her engines, machinery, apparel, fixtures, appurtenances, freights, tenders, etc., and the adequacy of the Bond and maintains and asserts all defenses based upon any inadequacy of the limitation fund and the Bond.

35. Wherefore, Claimants, Travelers Indemnity Company and Catlin Insurance Company, Inc., respectfully request this Court to dismiss Petitioners' Verified Complaint for Exoneration from or Limitation of Liability, award Claimants all damages and its costs, with interest, and award Claimants such other relief as this Court deems just, proper, and equitable.

Respectfully submitted,

STEVEN P. VANGEL
Texas Bar No.: 13057830
SDTX ID No.: 4065
ROBERT G. MOLL
Texas Bar No.: 00784622
SDTX ID No.: 15213
RYAN J. VECHAN
Texas Bar No.:24093298
SDTX ID No.: 2553512
Hill Rivkins LLP
55 Waugh Drive, Suite 1200
Houston, Texas 77007
Telephone:   (713) 222-1515
Facsimile:    (713) 222-1359
E-mail: svangel@hillrivkins.com

E-mail: rmoll@hillrivkins.com
E-mail: rvechan@hillrivkins.com

*ATTORNEYS FOR CLAIMANTS*
Travelers Indemnity Company and
Catlin Insurance Company, Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that on September 8, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William Durham, Esq.
Robert Klawetter, Esq.
James T. Bailey, Esq.
Eastham, Watson, Dale & Forney, L.L.P.
808 Travis, Suite 1300
Houston, Texas 77002