IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF | § | |
| MAERSK TANKERS AS, AS OWNER | § | |
| AND OPERATOR OF THE M/T CARLA | § | C.A. NO. 3:15-CV-00106 |
| MAERSK FOR EXONERATION FROM | § | |
| OR LIMITATION OF LIABILITY | § | (ADMIRALTY) |

**LIMITATION PETITIONER'S ANSWER TO CLAIM
OF MAGELLAN MIDSTREAM PARTNERS, L.P., MAGELLAN
TERMINAL HOLDINGS, L.P. AND MAGELLAN PIPELINE COMPANY, L.P.**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Maersk Tankers AS ("Maersk Tankers" or "Limitation Petitioner") and files its Answer to the Claim filed by Magellan Midstream Partners, L.P., Magellan Terminal Holdings, L.P. and Magellan Pipeline Company, L.P. (hereinafter collectively referred to as "Claimants") and would respectfully show the following:

**FIRST DEFENSE**

Claimants fail to state a claim against Limitation Petitioner upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

**SECOND DEFENSE**

The Claimants' subject claim is contained in a consolidated pleading. [Clerk's Document No. 52.] The Claimants' claim against Limitation Petitioner begins at paragraph 1 and ends at paragraph 9 of Clerk's Document No. 52. Accordingly, Limitation Petitioner only answers those allegations which relate to the Claimants' claim against Limitation Petitioner. Subject to and without waiving any other defenses, Limitation Petitioner answers the allegations of the Claimants' claim in correspondingly numbered paragraphs as follows:

## I.  CLAIM FOR DAMAGES

1. The allegations of paragraph 1 of the Claimants' claim are legal in nature and do not require a response.

2. Limitation Petitioner lacks sufficient information and/or knowledge as to each Magellan entity's ownership and/or operational relationship to the subject terminal to admit or deny the allegations of paragraph 2 of the Claimants' claim.  Accordingly, Limitation Petitioner denies the allegations of paragraph 2 of the Claimants' claim.

3. Limitation Petitioner admits that the *M/V Conti Peridot* collided with the outbound *M/T Carla Maersk* in a meeting situation in the Houston Ship Channel, near the Morgan's Point peninsula, on March 9, 2015.  Limitation Petitioner denies the remaining allegations of paragraph 3 of the Claimant's claim.

4. Limitation Petitioner admits that the *M/T Carla Maersk* was carrying approximately 216,049 barrels (bbls) of methyl tertiary butyl ether ("MTBE") on March 9, 2015, when the inbound *M/V Conti Peridot* collided with the outbound *M/T Carla Maersk* in a meeting situation in the Houston Ship Channel.  Limitation Petitioner admits that as a result of the collision, an unknown amount of MTBE was discharged into the Houston Ship Channel and the Houston Ship Channel was closed for marine traffic from Monday, March 9, 2015, at approximately 12:30 p.m. until Thursday, March 12, 2015, at approximately 1:00 p.m.  Limitation Petitioner denies the remaining allegations, if any, of paragraph 4 of the Claimants' claim.

5. Limitation Petitioner denies the allegations of paragraph 5 of the Claimants' claim.

6. Limitation Petitioner denies the allegations of paragraph 6 of the Claimants'

claim.

7.     Limitation Petitioner denies the allegations of paragraph 7 of the Claimants' claim.

8.     Limitation Petitioner denies that its limitation action is improper and denies that its limitation action should be dismissed.  Limitation Petitioner denies the remaining allegations, if any, of paragraph 8 of the Claimants' claim.

9.     Limitation Petitioner denies that the Claimants are entitled to the relief demanded in paragraph 9 of the Claimants' claim.

### THIRD DEFENSE

For further answer, if such is necessary and without waiving the foregoing, the Claimants were not damaged as alleged and have not suffered the damages claimed herein.

### FOURTH DEFENSE

For further answer, if such is necessary and without waiving the foregoing, Limitation Petitioner is not liable as alleged.

### FIFTH DEFENSE

For further answer, if such is necessary and without waiving the foregoing, the Claimants' alleged damages, if any, were in no way caused or contributed to by any fault, neglect, or want of due care on the part of Limitation Petitioner or any unseaworthiness of the *M/T Carla Maersk*.

### SIXTH DEFENSE

For further answer, if such is necessary and without waiving the foregoing, the Claimants' alleged damages, if any, were proximately caused, in whole or in part, by the negligence and/or breach of duty of third parties and/or instrumentalities not under the control of Limitation Petitioner and for which Limitation Petitioner is not legally responsible.

**SEVENTH DEFENSE**

For further answer, if such is necessary and without waiving the foregoing, the Claimants do not have a cause of action in a maritime negligence suit against Limitation Petitioner as a matter of law for damages, if any, which are purely economic in nature and do not directly flow from physical damage to the Claimants' proprietary interests.  *See Robins Dry Dock & Repair Co. v. Flint,* 275 U.S. 303 (1927); *In re Taira Lynn Marine Ltd. No. 5, LLC*, 444 F.3d 371 (5th Cir. 2006); *Louisiana ex. rel. Guste v. M/V TESTBANK*, 752 F.2d 1019 (5th Cir. 1985) (*en banc*), *cert. denied*, 477 U.S. 903 (1986).

**EIGHTH DEFENSE**

For further answer, if such is necessary and without waiving the foregoing and assuming *arguendo* that Limitation Petitioner has liability for the underlying collision, which is specifically denied, Limitation Petitioner is entitled to limit its liability to the value of the vessel and its pending freight at the conclusion of the voyage. *See* Limitation Petitioner's Verified Complaint for Exoneration From or Limitation of Liability on file with the Court in this cause.[1]

**NINTH DEFENSE**

For further answer, if such is necessary and without waiving the foregoing, the Claimants do not have a cause of action against Limitation Petitioner as a matter of law based on the alleged unseaworthiness of the *M/T Carla Maersk*.

**TENTH DEFENSE**

For further answer, if such is necessary and without waiving the foregoing, the Claimants have failed to mitigate their damages, if any.

---

[1]   See Clerk's Docket Entry No. 1.

## ELEVENTH DEFENSE

For further answer, if such is necessary and without waiving the foregoing, the Claimants' alleged damages, if any, were proximately caused, in whole or in part, by a superseding, intervening and/or new and independent cause(s) for which Limitation Petitioner has no legal liability.

## TWELFTH DEFENSE

For further answer, if such is necessary and without waiving the foregoing, Limitation Petitioner would show that if it is found liable to the Claimants in any amount, which is specifically denied, it is entitled to a credit or set-off for any and all sums Claimants have received in the way of any and all settlements. In the alternative, Limitation Petitioner asserts its right to a proportionate reduction of any damages found against it, based on the negligence attributable to any settling tortfeasor and/or any responsible third party.

## THIRTEENTH DEFENSE

For further answer, if such is necessary and without waiving the foregoing, Limitation Petitioner would show that the alleged loss was caused by an error in navigation for which Limitation Petitioner is not legally responsible.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Maersk Tankers AS prays that its Answer be deemed good and sufficient, and that after due proceedings are had, the Court enter judgment dismissing with prejudice the claim of Magellan Midstream Partners, L.P., Magellan Terminal Holdings, L.P. and Magellan Pipeline Company, L.P., render a take-nothing judgment against Magellan Midstream Partners, L.P., Magellan Terminal Holdings, L.P. and Magellan Pipeline

Company, L.P., and grant all such other and further relief both general and special, at law and in equity, to which Maersk Tankers AS may be justly entitled.

        Respectfully submitted,

        EASTHAM, WATSON, DALE AND FORNEY, L.L.P.

        */s/ Robert L. Klawetter*
        William A. Durham
        State Bar No. 06281800
        S.D.TX. Admin ID No. 4172
        Robert L. Klawetter
        State Bar No. 11554700
        S.D.TX. Admin ID No. 2471
        808 Travis Street, Suite 1300
        Houston, TX  77002
        Telephone:  (713) 225-0905
        Telefacsimile:  (713) 225-2907

        *Attorneys for Petitioner*
        *Maersk Tankers AS*

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing pleading on **September 29, 2015**, electronically, and that a true and correct copy of the foregoing will be served on all counsel of record via the Electronic Case Filing System of the United States District Court for the Southern District of Texas, Galveston Division.

        */s/ Robert L. Klawetter*
        Robert L. Klawetter