IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | |
| OF MAERSK TANKERS AS, AS OWNER | § | |
| AND OPERATOR OF THE | § | |
| M/T CARLA MAERSK FOR | § | CIVIL ACTION NO. G-15-106 |
| EXONERATION FROM AND/OR | § | (Consolidated with G-15-cv-237) |
| LIMITATION OF LIABILITY | § | |

## O R D E R

Before the Court is the "Motion to Extend the Claim Filing Deadline an Additional 45 Days" filed by Enrique Dovalina, counsel for the twelve "Dovalina Claimants"; each of Dovalina's clients is claiming personal injuries from chemical inhalation and loss of wages due to the closure of their work site.

On January 7, 2016, at a Hearing on the Motion to enter a Lone Pine Order, this Court set a deadline of April 8, 2016, for each group of personal injury and property damage claimants to submit *prima facie* proof that their claims were potentially viable. Dovalina did not attend the Hearing. By April 8, 2016, most parties had complied, but not the twelve Dovalina claimants. On April 22, 2016, at a Hearing to modify the unproductive Lone Pine Order, the movants argued for the dismissal of those claimants who had apparently made no attempt to comply with the original Order. Dovalina, whose clients were already non-compliant, did not attend this Hearing either. In a Report and Recommendation issued that same day this Court reported the non-compliance to the District Court and recommended dismissal.

Eleven days later and twenty-five days after the original compliance date, Dovalina filed the instant Motion. It now appears that his clients' personal injuries were so "minor" that several of them had not even seen a doctor and that Dovalina had concluded it was not cost-effective to spend the amount of money necessary to determine whether any of them could even assert a *prima facie* case for any personal injury. (See, Objections to Report and Recommendation, Doc, 181).

The Court finds that this admitted failure to comply, or even attempt to comply, would not constitute good cause for an extension. But more to the point, the whole purpose of a Lone Pine Order is to test, at an early stage, the potential viability of questionable claims in litigation like this one, which involves over 4,300 personal injury claimants. Meritless claims[1] can thereby be "weeded out" early in potentially protracted litigation before engaging in extensive, expensive discovery. Cf. Acuna v. Brown & Group, Inc., 200 F.3d 335, 337 (5th Cir.) cert. denied, 530 U.S. 1229 (2000). The Dovalina Claimants' inactions have only frustrated the Court's attempt to accomplish its purpose.

It is, therefore, **ORDERED** that Dovalinas' Motion for a 45-day extension (Instrument no. 177) of the now-expired claim filing deadline of the now-superceded original Lone Pine Order is **DENIED**.

**DONE** at Galveston, Texas, this _____26th_____ day of April, 2016.

_____
John R. Froeschner
United States Magistrate Judge

---

[1] The Court notes, in passing, that the Dovalina Claimants' claims for three days of lost wages while the Port of Houston was closed as a result of the collision are for pure economic damages and, very likely, would be barred under the rule established long ago in Robins Drydock & Repair Co. v. Flint, 275 U.S. 303 (1927).