IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT § <br> OF MAERSK TANKERS AS, AS OWNER § <br> AND OPERATOR OF THE § <br> M/T CARLA MAERSK FOR § <br> EXONERATION FROM AND/OR § <br> LIMITATION OF LIABILITY § | CIVIL ACTION NO. G-15-106 <br> (Consolidated with G-15-cv-237) |

## **REPORT AND RECOMMENDATION**

Before the Court is the Motion for Summary Judgment of Maersk Tankers; the Motion seeks the dismissal of the purely economic loss claims filed against Maersk in this limitation action by Mac Metal Sales, the Magellan Entities, Travelers Indemnity Company and Catlin Insurance Company.  Having considered the Parties' submissions the Court now issues this Report and Recommendation.

As the District Court knows, this is a combined limitation action flowing from the collision between the M/T CARLA MAERSK, Maersk's ship, and the M/V CONTI PERIDOT which resulted in a substantial chemical spill and caused a three day closure of the Houston Ship Channel.

Mac Metal owned 389 coils of steel sheets being shipped to New Orleans aboard the CONTI PERIDOT at the time of the collision.  Travelers and Catlin were insurers of 14 and 2 steel coils, respectively, that were also being shipped aboard the CONTI PERIDOT at the time of the collision.  After the CONTI PERIDOT declared General Average, Mac Metal,

Travelers and Catlin incurred costs to post bonds, guarantees and security for the release of the cargoes. Their claims seek to recover those costs from Maersk.

The Magellan Entities own and operate a petroleum terminal along the ship channel. The terminal suffered a loss of income because of the inability to load vessels during the channel's closure and Magellan seeks to recover those losses from Maersk.

In its Motion for Summary Judgment, Maersk argues that <u>Louisiana Ex Rel. Guste v. M/V TESTBANK</u>, 752 F.2d 1019, 1022, (5th Cir. 1985), en banc, bars the recovery of these purely economic losses from Maersk. In <u>TESTBANK</u> the Fifth Circuit held that purely economic losses in the absence of any physical injury to a proprietary interest of the claimant are not recoverable. But, as Maersk now concedes, <u>TESTBANK</u> does not bar the claims of Mac Metals, Travelers or Catlin. As those claimants pointed out in their responses, the Fifth Circuit has carved out an exception for cases involving a collision between two vessels. In such cases, like this one, pure economic damages may be recovered from the non-cargo carrying vessel. <u>Amoco Transport Co. v. S/S MASON LIKES</u>, 768 F.2d 659, 668 (5th Cir. 1985), <u>see</u> <u>also</u>, <u>Cargill, Inc. v. Doxford and Sunderland, Ltd.</u>, 785 F.2d 1296, 1297 (5th Cir.), reh'g denied 785 F.2d 1296 (1986).

The Court, therefore, **RECOMMENDS** that Maersk's Motion (Instrument no. 173) be **DENIED** as to the claims of Mac Metal, Travelers and Catlin.

Tellingly, Magellan has not responded to Maerk's Motion.  While a Court may not grant a summary judgment by default, it may, in the absence of a response, accept the movant's evidence as undisputed and then determine whether that undisputed evidence establishes a *prima facie* showing of movant's entitlement to prevail.  <u>Eversley v. MBank of Dallas</u>, 843 F.2d 172, 174 (5th Cir. 1988).  The Magellan claim for lost income is a purely economic claim which is unrecoverable from Maersk.  Cf.  <u>In re Taira Lynn Marine Ltd.</u>, No. 5, 444 F.3d 371, 378-79 (5th Cir. 2006) (Lost income due to the disruption of ingress and egress to claimant's business as a result of an allision of a barge with a swing bridge held not recoverable under <u>TESTBANK</u>.)

This Court, therefore, further **RECOMMENDS** that Maersk's Motion (Instrument no. 173) be **GRANTED** as to the Magellan claim.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **July 1, 2016**, to file written objections.  <u>The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553</u>.  Failure to file written objections within the prescribed time **SHALL** bar any Party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ____17th____ day of June, 2016.

_____
John R. Froeschner
United States Magistrate Judge

3