IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT § | |
| OF MAERSK TANKERS AS, AS OWNER § | |
| AND OPERATOR OF THE § | |
| M/T CARLA MAERSK FOR § | CIVIL ACTION NO. G-15-106 |
| EXONERATION FROM AND/OR § | (Consolidated with G-15-cv-237) |
| LIMITATION OF LIABILITY § | |

### REPORT AND RECOMMENDATION

Before the Court, by referral, is the Motion for Summary Judgment of Claimant Houston Pilots; the Motion seeks the summary dismissal of the counter-claims asserted against the association by Limitation-Plaintiff Maersk Tankers (Maersk) and by Limitation-Plaintiffs Conti 168 Schiffarts-GMBH & Co. Bulker KG MS and BBG-Bremer Bereederungsgesellschaft mbH & Co. KG. (Conti). The Motion has been fully briefed and argued. The Court now issues this Report and Recommendation.

The District Court will recall that this consolidated limitation action arose from the collision between the chemical tanker M/T CARLA MAERSK and the bulk carrier M/V CONTI PERIDOT in the Houston Ship Channel on March 9, 2015, which resulted in a chemical spill that closed the channel for three days. At the time of the collision each vessel was being piloted by a member of Houston Pilots. Houston Pilots is a typical marine pilots association that provides compulsory pilots to guide vessels in and out of the Houston Ship Channel. Houston Pilots filed indemnity claims against Maersk and Conti in their respective limitation actions. Maersk and Conti, in turn, filed counter-claims against Houston Pilots

alleging its negligence was a proximate cause of the collision. The counter-claims are the target of Houston Pilots' Motion.

Houston Pilots argues that it is immune from the type of claims asserted by Maersk and Conti. Maearsk and Conti concede that a pilot's association cannot be held vicariously liable for the actions of its pilots, but they argue that Houston Pilots should be held accountable for its own independent negligent acts or omissions. Maersk and Conti each assert that Houston Pilots had the duty to develop and implement policies and procedures for the safe navigation of the Houston Ship Channel and the duty to train and oversee the compulsory pilots aboard the others' vessel when the collision occurred. They each allege that Houston Pilots breached those duties in several respects.

In the opinion of this Court the recognition of Maersk and Conti's proposed duties would be incompatible with the status historically accorded a pilot under admiralty law and should be rejected.

A pilot is considered to be an expert or specialist, charged with a high degree of competency and skill, consistent with the purpose of his being aboard a vessel to provide expertise in vessel handling and local knowledge of the particular waters for which he is specifically licensed. See e.g., Atlee v. Northwest Union Packet Co., 88 U.S. 389 (1875). The purpose of requiring compulsory pilots is to secure protection of life and property by supplying a class of pilots better qualified than ordinary mariners to take charge of vessels in places where, from local causes, navigation is attendant with more than common difficulty.

Homer Ramesdell Transportation Co. v. Compagnie General Transatlantique, 182 U.S. 406 (1901).  In fact, while aboard, a compulsory pilot is in supreme command of the vessel while navigating it and is free to act on his own best judgment, Evans v. United Arab Shipping Co., S.A.G., 4 F.3d 207, 218-19 (3rd Cir. 1993) (citing, Bisso v. Inland Waterways Co., 349 U..S 85, 94 (1965), to do what he thinks best with "no duty to obey" advice from the master of the vessel or from fellow pilots.  Guy v. Donald, 203 U.S. 399, 404 (1906).  Pilots are considered professionals, just like lawyers, doctors and engineers, cf. McKeithen v. SS FROSTA, 441 F.Supp. 1213, 1217 (E.D. La. 1977).

Maearsk and Conti now propose to obligate a pilots' association to promulgate navigational policies and procedures pilots must follow while piloting vessels.  They also proposes to obligate a pilots' association to provide additional training over and above that required for licensure.  Further, they seek to hold a pilots' association responsible for overseeing the performance of its pilots aboard vessels.  Each of the proposed "duties" ignores the supremacy of a pilot's role while guiding a vessel.  A passage from Guy, 203 U.S. at 407, is instructive:

> If we imagine such a pilot performing his duties within sight of the assembled association, he still would be sole master of his course.  If all of his fellows passed a vote on the spot that he should change, and shouted it through a speaking trumpet, he would owe no duty to obey, but would be as free as before to do what he thought best.

How, then, could a pilot's association be obligated to assume the duties suggested or be answerable at law for their breach?

3

This lack of control a pilots' association can exert on a pilot once he takes the helm precluded holding it vicariously liable for his negligence and, as Judge Ruben observed, "(t)hese same factors negate the inference of the particular duty sought to be invoked as a basis of liability here." McKeithen, 441 F.Supp. at 1220. Accordingly, he rejected the claims that a pilot's association had a duty to screen its applicants beyond requiring the requisite licenses; ensure its pilots competence; continue to educate them; or cherry-pick them for each assignment. In the last analysis this is precisely what Maersk and Conti have asked this Court to do: require Houston Pilots to exercise navigational controls over its pilots. But a pilot's unique and well-established status cautions against doing so.

To the extent Maersk and Conti may wish the Court to infer a willingness of Houston Pilots to be subjected to the imposition of legal duties by virtue of, for example, its issued "Guidelines and Regulations" or "Recommended Navigation Safety Requirements", their wish ought not be granted. Houston Pilots is a professional association, like the American Bar Association and the American Medical Association; it does not guarantee the professional conduct of its member pilots. To be sure, Houston Pilots is free to attempt to improve the skills and performances of its pilots, but since there is no duty to do so, it should not be held liable if it fails in its efforts. Id. at 1217.

Finally, the Court finds Maersk and Conti's reliance on Miles v. Melrose, 882 F.2d 976 (5th Cir. 1989), unpersuasive. In Miles, a Jones Act case, the Court found a Seafarers' Union potentially liable for sending a known violent seaman to a vessel who, thereafter,

stabbed a crew member to death.  While the Court, in a footnote, cited to dicta in McKeithen, that a pilots's association *may* stand in special relationship to the owners of vessels to whom it assigns pilots (emphasis added), it seems the dispositive factor in Miles, 882 F.2d at 993, was the "ancient" responsibility of the law to protect the safety of seamen as "wards of admiralty."  Robertson v. Baldwin, 165 U.S. 275, 287 (1897).

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that Houston Pilots's Motion for Summary Judgment (Instrument no. 189) as to Limitation-Plaintiffs Maersk and Conti's counter claims be **GRANTED** and that the counter-claims be **DISMISSED**.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **August 26, 2016**, to file written objections.  The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.  Failure to file written objections within the prescribed time **SHALL** bar any Party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ____11th____ day of August, 2016.

_____
John R. Froeschner
United States Magistrate Judge