United States District Court
Southern District of Texas
**ENTERED**
February 13, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT § | |
| OF MAERSK TANKERS AS, AS OWNER § | |
| AND OPERATOR OF THE § | |
| M/T CARLA MAERSK FOR § | CIVIL ACTION NO. G-15-106 |
| EXONERATION FROM AND/OR § | (Consolidated with G-15-cv-237) |
| LIMITATION OF LIABILITY § | |

## REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment of Claimant and Counter Defendant, Larry Evans. Having considered the submissions of the interested Parties, the Court issues this Report and Recommendation.

As the District Court knows, this consolidated limitation of liability action was initiated as a result of a collision between two seagoing vessels: the M/V CONTI PERIDOT, owned by Schiffarts-GMBH & Co. Bulker KG MS (Conti) and the M/T CARLA MAERSK, owned by Maersk Tankers (Maersk). The collision occurred on March 9, 2015, in the Houston Ship Channel near the Morgan's Point Peninsula and caused a substantial chemical spill. At the time of the collision each vessel was under the command of a compulsory pilot and member of the Houston Pilot's Association. Captain Larry Evans was the pilot aboard the CARLA MAERSK and is being sued by Conti for negligent pilotage. In his Motion, Evans seeks to restrict his potential liability to the statutory limit of $1,000.00. He also proposes to deposit $1,000.00 into the Registry of the Court to cover any compensable damages that may be awarded against him and, although this is not quite clear, then be dismissed from all further proceedings.

The Texas Transportation Code § 66.083 states as follows:

(a) A pilot providing pilot services is not liable for more than $1,000 for damage or loss caused by the pilot's error, omission, fault, or neglect in the performance of the pilot services, except as provided by Subsection (b).
(b) Subsection (a) does not apply to:
      (1) damage or loss that arises because of the wilful misconduct or gross negligence of the pilot;
      (2) liability for exemplary damages for gross negligence of the pilot and for which no other person is jointly or severally liable; or
      (3) an act or omission relating to the ownership and operation of a pilot boat unless the pilot boat is directly involved in pilot services other than the transportation of pilots.

\* \* \*

(d) In an action brought against a pilot for an act or omission for which liability is limited as provided by this section and in which other claims are made or anticipated with respect to the same act or omission, the court shall dismiss the proceedings as to the pilot to the extend the pleadings allege pilot liability that exceeds $1,000.

At present, Conti's counterclaim asserts only a claim against Evans for negligence. That claim is, therefore, clearly subject to the $1,000.00 limitation imposed by § 66.083. Conti appears to concede this, but argues that because future discovery might uncover possible evidence of gross negligence or intentional misconduct Evans's Motion is premature. This Court disagrees. The language of § 66.083(d) directs that the Court shall dismiss any claim for damages in excess of $1,000.00; indeed, it seems that Conti by limiting its claim to one for negligence alone has, in reality, only asserted a $1,000.00 claim. Regardless, if evidence is developed to support a colorable claim for gross negligence or intentional misconduct the District Court can permit an amendment of the counterclaim and thus expose Evans to greater liability.

2

This Court, therefore, **RECOMMENDS** that Evans's Motion for Summary Judgment (Instrument no. 268) be **GRANTED, in part**, and to the extend, if any, that Conti presently alleges a claim against Evans in excess of $1,000.00, that claim be **DISMISSED without exemption of any liability of the Maersk parties**.

If, as Conti reads Evans's Motion, Evans wants Conti's limited negligence claim dismissed upon his deposit of $1,000.00 into the Court's Registry this Court **RECOMMENDS** his Motion (Instrument no. 268) be **DENIED**. Clearly, the statute does not provide for such a dismissal and while, at first blush, Evans's proposal appears to offer a practical approach, he cites no authority for such a procedure and this Court has not found any on its own. Moreover, Conti's wishful hope that some evidence of gross negligence or willful misconduct could come to light cannot simply be ignored. In the opinion of this Court Evans ought to remain a party.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **February 24, 2017**, to file written objections. The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. Failure to file written objections within the prescribed time **SHALL** bar any Party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____13th_____ day of February, 2017.

John R. Froeschner
United States Magistrate Judge