UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN RE: IN THE MATTER OF THE COMPLAINT OF MAERSK TANKERS, AS OWNER AND OPERATOR OF THE M/T CARLA MAERSK, FOR EXONERATION FROM OR LIMITATION OF LIABILITY, *et al*, | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-106 |
| HOUSTON PILOTS, *et al*, | § | |
| Defendants. | § | |

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

Pending before the Court is the Amended Report and Recommendation of United States Magistrate Judge John Froeschner. On May 12, 2015, this case was referred to Judge Froeschner pursuant to 28 U.S.C. § 636(b)(1)(B). Dkt. 6. Pending before Judge Froeschner was Claimant and Counter-Defendant Larry Evans' ("Evans") Motion for Summary Judgment. Dkt. 268. On February 13, 2017, Judge Froeschner filed a Report and Recommendation recommending that the Motion be granted to the extent, if any, that Counter-Claimant Conti 168, Schiffahrts-GMBH & Co. Bulker KG MS "CONTI PERIDOT" ("Conti") presently alleges a claim against Evans in excess of $1,000.00 and that any such claim be dismissed without exemption of any liability of the Maersk parties. Dkt. 295.

Although Evans was granted essentially all relief sought in his motion for summary judgment, he timely objected to Judge Froeschner's Report and Recommendation. Dkt. 299. Specifically, Evans objected to receive clarification on the dismissal without prejudice of all claims. Further, Evans specifically objected to Judge Froeschner's determination of suggestion to deposit $1,000.00 into the Court's registry as practical but unsupported by precedent.

Accordingly, the Court reviews the disputed portions of the Report and Recommendation de novo. FED. R. CIV. P. 72(b)(3). The Court reviews all other portions of the Report and Recommendation for plain error on the face of the record. 28 U.S.C. § 636(b)(1); *see also*, FED. R. CIV. P. 72(b)(3).

Evans requests that he be permitted to deposit $1,000.00—the maximum amount of compensable damages he is liable for under a negligence theory—in return for dismissing the case against him. Evans acknowledges the lack of caselaw on this scenario, but argues that the Court may grant equitable when sitting in admiralty.

The Court in its discretion respectfully declines to enter into such an arrangement. This decision is based upon the complete absence of any caselaw suggesting that this scenario is permissible, congressional statutory silence; and the difficulty of subsequent proceedings in the event of amended pleadings, which may be allowed after the established deadline should justice so require.

Based on the pleadings, the record and the applicable law, the Court finds that there is no plain error apparent from the face of the record regarding the remainder of the

Report and Recommendation. Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) Judge Froeschner Amended Report and Recommendation is **APPROVED AND ADOPTED** in its entirety as the holding of the Court;

(2) The Claimant/Counter-Defendant's Motion for Summary Judgment (Dkt. 268) is **GRANTED as follows:** Conti's counterclaim against Evans for negligence is **dismissed with prejudice** and without exemption of any liability of the Maersk parties to the extent, if any, that the claim is in excess of $1,000.00. Conti's counterclaim is subject to a $1,000.00 limitation pursuant to Rule 66.083 of the Texas Transportation Code.

(3) The Claimant/Counter-Defendant's Motion for Summary Judgment (Dkt. 268) is **DENIED as follows:** Evans shall not be dismissed from the case based upon his offer to deposit $1,000.00 in the Court's registry.

SIGNED on May 11, 2017 at Galveston, Texas.

George C. Hanks, Jr.
United States District Judge